EISELE'S NURSERY AND GARDEN CENTER, INC. *v.* DIANE F. KIRKEGARD ET AL. (13250)

DUPONT, C. J., and FOTI and SPEAR, Js.

Argued January 12—decision released March 21, 1995

*James J. Farrell,* for the appellant (plaintiff).

*Thomas J. Allingham,* for the appellees (defendants).

SPEAR, J. The plaintiff appeals from a judgment rendered in favor of the defendants on their motion for summary judgment. On appeal, the plaintiff asserts that the trial court improperly granted the defendants' motion for summary judgment because (1) there was no basis for the court's finding that the plaintiff was collaterally estopped from pursuing its claim, and (2) the defendants are joint obligors with Howard Fowler and their liability is not discharged by an unsatisfied judgment against Fowler. We agree with the plaintiff's first claim and reverse the judgment.

The pertinent facts are as follows. The plaintiff alleged in a four count complaint that (1) it had entered into a written contract with the defendant Diane Kirkegard and Howard Fowler requiring it to provide landscaping services and materials for which Kirkegard and Fowler agreed to pay, (2) the defendants, Diane Kirkegard and Christopher Kirkegard, were unjustly enriched by the landscaping services and materials provided by the plaintiff, (3) the defendants were indebted

to the plaintiff on an open account at an agreed price, and (4) Fowler was the agent of the defendants in contracting with the plaintiff.

The defendants filed two special defenses alleging (1) that the plaintiff was "collaterally estopped by res judicata"[1] from relitigating the issues because of a prior final judgment on its claim and (2) the plaintiff was equitably estopped from joining the defendants in a new action because of its prior suit in New York on this claim against Fowler.

The defendants filed a motion for summary judgment based on their claim of collateral estoppel supported by an affidavit from a paralegal who was employed by the defendants' attorney. The affidavit stated that the paralegal had spoken by telephone with a clerk at the Rockland county clerk's office in New York and had learned that the plaintiff had brought an action against Fowler only and had obtained a judgment against Fowler. The telephone call was followed with a letter to the Rockland county clerk, and the letter and response thereto were attached to the paralegal's affidavit.[2] The New York judgment was not submitted. The defendants filed a request to admit[3] at the same time

[1] Although the defendants incorporated the words "res judicata" in this claim, the case was presented in the trial court, decided and appealed on the issue of collateral estoppel.

[2] The paralegal's letter requested a copy of the judgment in the case of *Eisele's Nursery & Garden Center* v. *Fowler*, Index Number: 185/91. The clerk returned the letter with the following handwritten notation at the bottom: "Per our conversation this date order granting judgment enter 3-15-93 – Judgment not submitted."

[3] The request to admit states: "The defendants, Diane Kirkegard and Christopher Kirkegard, hereby request the Plaintiff to admit that it obtained a full final . . . judgment against Howard Fowler in an action based on the claim it is now maintaining against them as evidenced by an affidavit from the clerk of the Supreme Court of New York, County of Rockland, certifying that on March 15, 1993, final judgment entered against the Defendant, Howard Fowler, in favor of Eisele's Nursery & Garden Cen-

that they filed the motion for summary judgment. The case was decided by the trial court without oral argument.

The trial court granted the motion for summary judgment relying on *Scalzo* v. *Danbury,* 224 Conn. 124, 617 A.2d 440 (1992). In *Scalzo,* the trial court granted a party's motion for summary judgment on the ground that res judicata barred the plaintiff's claims. The Supreme Court affirmed the summary judgment, but on different grounds. The court held that the party was collaterally estopped because the issue had been fully and fairly litigated. Because the trial court in this case cited *Scalzo* as its authority for granting the summary judgment, we conclude that that court based its decision on the issue of collateral estoppel, which is also known as issue preclusion.

"Under Connecticut law, [c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was *actually litigated* and *necessarily determined* in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." (Citations omitted; emphasis added; internal quotation marks omitted.) *Mulligan* v. *Rioux,* 229 Conn. 716, 751, 643 A.2d 1226 (1994).

The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judg-

ter, and that no other defendants were named in the action, attached hereto." At the time the motion for summary judgment was granted, there had been no response to the request.

ment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A trial court "must view the evidence in the light most favorable to the nonmoving party" when deciding a motion for summary judgment. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Remington* v. *Aetna Casualty & Surety Co.*, 35 Conn. App. 581, 583, 646 A.2d 266 (1994).

Viewing the evidence in the light most favorable to the plaintiff, we discern no basis for the trial court's finding of issue preclusion. Neither the complaint nor the judgment in the New York action that the plaintiff brought against Fowler were before the trial court. That court, therefore, could not have decided from the paralegal's affidavit and the attachment thereto what issues were actually litigated or necessarily determined in the New York action.

"When reviewing a trial court's ruling on a motion for summary judgment, we must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 292, 596 A.2d 414 (1991). We conclude that the trial court had no basis to conclude that the defendant was entitled to judgment as a matter of law on the basis of issue preclusion. It is not necessary, therefore, to consider the plaintiff's other claim.

The judgment is reversed and the case is remanded to the trial court for further proceedings.

In this opinion the other judges concurred.