FREDERICK LEAVENWORTH ET AL. *v.*
CARLETON K. MATHES
(13635)

DUPONT, C. J., and FOTI and HEIMAN, Js.

Argued April 27—decision released July 18, 1995

*Robert J. Nichols,* for the appellants (plaintiffs).

---

[4] Because of our disposition of this issue, we find it unnecessary to address the defendants' other claim.

*Carla Ottaviano,* for the appellee (defendant).

FOTI, J. The plaintiffs appeal from the judgment of the trial court granting the defendant's motion for summary judgment. We affirm the judgment of the trial court.

The plaintiffs brought this action against the defendant for legal malpractice. The action was originally filed on August 20, 1991. Thereafter, the plaintiffs filed an amended two count complaint, alleging negligence and breach of contract by the defendant.

The plaintiffs are two of the three beneficiaries under the will of their deceased mother, Maude Leavenworth (testatrix). In 1988, the testatrix hired the defendant to prepare a will distributing her estate to her three children. The will contained the following distribution of property: (1) a specific bequest of $40,000 to the testatrix's son, the plaintiff Frederick Leavenworth; (2) a specific bequest of $25,000 to the testatrix's daughter, the plaintiff Phyllis Rainhard; and (3) a specific devise of the testatrix's real property, consisting of two houses, to the testatrix's son, Wesley Leavenworth.

The testatrix died on November 4, 1989. At the time of her death, the liquid assets of her estate were insufficient to satisfy the specific bequests to the plaintiffs. In count one of the complaint, the plaintiffs alleged that the defendant was negligent in failing (1) to inquire into the amount and nature of the testatrix's assets, (2) to recognize and address the conflicting provisions in the will, (3) to draft the will so that it provided for the real estate to be mortgaged or sold in order to pay the specific bequests, (4) to advise the testatrix of the implications of the conflicting provisions, and (5) to inquire into her wishes in handling those inconsistent provisions. Count two of the complaint alleged the breach of an implied contract by the defendant in that, by his

negligence as alleged in the first count, he failed to carry out effectively the intentions of the testatrix.

On July 8, 1993, the defendant filed a motion for summary judgment claiming that he owed no legal duty to the plaintiffs to ascertain the assets of the testatrix's estate. On December 7, 1993, the trial court granted the defendant's motion, concluding that once the defendant drafted a will in accordance with the testatrix's wishes, and there was no claim made otherwise, the defendant had fulfilled his obligation to his client. On appeal, the plaintiffs claim that the trial court improperly granted the defendant's motion for summary judgment. The plaintiffs argue that it was the defendant's duty to use such professional skill as would be required to give effect to the intent of the testatrix. They argue that the defendant is liable to them for his failure to inquire into the nature of the testatrix's assets and his failure to make a provision in the will to fund the specific bequests in the event that the testatrix's assets were insufficient.

We begin our analysis by stating the standard by which we review the decision of the trial court in granting a motion for summary judgment. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Starkweather* v. *Patel*, 34 Conn. App. 395, 400, 641 A.2d 809, cert. denied, 230 Conn. 905, 644 A.2d 918 (1994). "Even though the burden of showing the nonexistence of any material fact is on the party that seeks summary judgment, the party opposing summary judgment must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. " 'When reviewing a trial court's ruling on a motion for summary judgment, we must decide whether the

trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Eisele's Nursery & Garden Center, Inc.* v. *Kirkegard*, 37 Conn. App. 271, 275, 655 A.2d 1129 (1995).

To recover on a theory of negligence, the plaintiffs must establish that the defendant owed a duty to them and that he breached that duty. *Shore* v. *Stonington*, 187 Conn. 147, 151, 444 A.2d 1379 (1982). The existence of a duty is a question of law, and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation. *Petriello* v. *Kalman*, 215 Conn. 377, 382–83, 576 A.2d 474 (1990). The trial court granted summary judgment on the ground that the defendant did not owe a legal duty to the plaintiffs to inquire as to the amount of the assets of the testatrix. On appeal, we must determine whether the court's conclusion that the defendant owed no duty under these circumstances, other than to prepare the will as requested by the testatrix, was "legally and logically correct." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980).

"As a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services. A number of jurisdictions have recognized an exception to this general rule when the plaintiff can demonstrate that he or she was the intended or foreseeable beneficiary of the attorney's services. . . . Accordingly, courts have held that the intended beneficiary has a cause of action against an attorney who failed to draft a will in conformity with a testator's wishes; see, e.g., [*Stowe* v. *Smith*, 184 Conn. 194, 199, 441 A.2d 81 (1981)]; *Lucas* v. *Hamm*, 56 Cal. 2d 583, 364 P.2d 685, 15 Cal. Rptr. 821 (1961), cert. denied, 368 U.S. 987, 82 S. Ct. 603, 7 L. Ed. 2d 525 (1962); *Needham* v. *Hamilton*, 459 A.2d 1060 (D.C. App. 1983); *Ogle* v. *Fuiten*, 112 Ill. App. 3d 1048, 445 N.E.2d

1344 (1983), aff'd, 102 Ill. 2d 356, 466 N.E.2d 224 (1984); failed to supervise the proper execution of a will; see, e.g., *Licata* v. *Spector*, 26 Conn. Sup. 378, 225 A.2d 28 (1966); *Succession of Killingsworth*, 292 So. 2d 536 (La. 1973); *Auric* v. *Continental Casualty Co.*, 111 Wis. 2d 507, 331 N.W.2d 325 (1983); or failed to advise a client of the consequences of not revising a will; see, e.g., *McAbee* v. *Edwards*, 340 So. 2d 1167 (Fla. App. 1976) . . . ." (Citations omitted.) *Krawczyk* v. *Stingle*, 208 Conn. 239, 244–45, 543 A.2d 733 (1988). The claims of malpractice alleged in these cases focus on errors in the drafting and execution of the wills. Here, the plaintiffs make no claim that a particular bequest was not included as directed, or that the will was improperly drafted or executed.[1] There is no claim that the defendant failed to draft the will in accordance with his client's wishes, or that the testatrix was incompetent at the time of making the will. It is an attorney's obligation to use the care, skill, diligence and knowledge that a reasonable, prudent lawyer would exercise in order to draft the will according to the wishes of the testatrix. The plaintiffs can point to no authority to support the proposition that an attorney owes a duty to the beneficiaries to ensure the existence of testamentary assets when drafting the instrument.[2]

---

[1] The plaintiffs' reliance on *Licata* v. *Spector*, supra, 26 Conn. Sup. 381, is misplaced. In that case, the purpose of the testatrix was "completely thwarted because of the negligence of the drafter." Id. The will was declared invalid because the drafter had not provided the required number of witnesses, resulting in certain assets intended for the plaintiffs to be diverted to others.

[2] The plaintiffs contend that rule 1.1 of the Connecticut Rules of Professional Conduct requires, as part of competent legal representation, an "inquiry into and analysis of the factual and legal elements of the problem." The plaintiffs argue that public policy dictates in favor of adopting this standard and imposing a duty upon attorneys drafting wills to conduct an inquiry into the assets of a testator. There is no evidence of a breach of the Rules of Professional Conduct in this case. Also, a breach of the Rules of Professional Conduct does not, of itself, give rise to a cause of action. *Noble* v. *Marshall*, 23 Conn. App. 227, 230, 479 A.2d 594 (1990).

The plaintiffs argue that the defendant had a duty to "advise" the testatrix about the implications of the conflicting provisions of her will pertaining to the bequests and the devise. We see no conflict, however, on the face of the instrument. An attorney's obligation to the client is to draft a will in accordance with that client's wishes, having in mind the best interests of that client.[3]

We conclude that the trial court properly determined the law and applied it correctly to the facts. There being no genuine issue as to any material fact, the defendant was entitled to judgment as a matter of law. *Lees v. Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Our Supreme Court has warned that "[f]ear of liability to potential third party beneficiaries would contravene the attorney's primary responsibility to . . . [effectuate] the client's wishes . . . ." *Krawczyk* v. *Stingle*, supra, 208 Conn. 246.