[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 5, 1996
FACTUAL BACKGROUND CT Page 1113
On May 23, 1995, the plaintiffs, Pace Construction Inc. Pension Plan (Pace Construction) and Anthony DiCocco, filed a twelve-count revised complaint against Gene Citrano, Esq., Wallace R. Williams, Esq., and Lawyer's Title Insurance Corporation (Lawyer's).
The complaint alleges the following facts. On four separate occasions, the plaintiffs extended mortgage loans. Citrano was retained by the plaintiff-lenders to prepare the necessary legal documents. Williams was allegedly engaged by Citrano to provide a title insurance binder and policy through Lawyer's for the benefit of the plaintiffs. The plaintiffs allege that Citrano negligently failed to properly secure the mortgage loans and that the policies issued by Williams failed to insure the documents that were prepared to secure the loans. Finally, the plaintiffs allege that Williams was acting as an agent for Lawyer's, and therefore Lawyer's is liable to the plaintiffs for the negligence of its agent.
On June 15, 1995, Williams filed an answer with special defenses to the plaintiffs' first revised complaint. Williams denies that he was engaged by Citrano to provide the title insurance binder and policy. On June 21, 1995, Williams moved for summary judgment on counts two, five, eight and eleven. Pursuant to Practice Book §§ 204(e) and 380, Williams submitted a memorandum of law and supporting documents. including his own affidavit. The affidavit states that Williams was not engaged by Citrano to issue the insurance policy but was acting as the attorney for the borrower, Almar Group Developers, Ltd (Almar).[1] Furthermore, Williams states in his affidavit that he informed Citrano that the mortgage deed document, which Citrano had prepared, might not create a valid mortgage because the person who was intended to execute it was not in the chain of title. Williams states that Citrano disagreed with him and Williams deferred to his judgment. Finally, Williams states that he issued the interim insurance binder because his client was obliged to provide it at the closing.
On August 8, 1995, the plaintiffs' submitted a memorandum of law and documents in opposition to Williams' motion for summary judgment. These documents included an affidavit from Mark Pace, an officer of Pace Construction. Pace states in his affidavit that Williams, as the borrower's attorney and in his capacity as insurance agent for Lawyer's, purported to provide the plaintiffs with title insurance binders for each of the four loans. On CT Page 1114 September 26, 1995, Williams filed a reply memorandum with a supplemental affidavit.
LEGAL DISCUSSION
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). The test for deciding a motion for summary judgment is "whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 106, 639 A.2d 507 (1994).
"To recover on a theory of negligence, the plaintiffs must establish that the defendant owed a duty to them and that he breached that duty. Shore v. Stonington. 187 Conn. 147, 151,444 A.2d 1379 (1982)." Leavenworth v. Mathes, 38 Conn. App. 476, 479,661 A.2d 632 (1995). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442. 446, 476 A.2d 587 (1984). Nevertheless, "[t]he existence of a duty is a question of law . . . If the court determines, as a matter of law, that a defendant owes no duty to a plaintiff, a verdict should be directed because it is merely reaching more speedily and directly a result which would inevitably be reached in the end." (Citations omitted; internal quotation marks omitted.) Petriello v. Kallman, 215 Conn. 377. 382-83,576 A.2d 474 (1990).
Williams contends that he is entitled to judgment as a matter of law because he does not owe the plaintiffs an actionable duty. The plaintiffs argue that Williams owes them a duty based on three separate theories.
First, the plaintiffs argue that Williams promised that recording of the mortgage would create a valid first lien. In support of this argument, the plaintiffs submitted copies of three disbursement documents, which were executed in connection with three of the four loans. These documents state, in pertinent part, "[a]t the time of recording, the mortgage will be a valid CT Page 1115 first lien, and there will be no outstanding or unpaid assessment installments on the premises."
"A duty to use care may arise from a contract . . ." Burns v.Board of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994). But here, the plaintiffs' argument is without merit because the complaint does not allege that Williams' negligence caused an invalid lien. Rather, the plaintiffs' complaint alleges that Williams issued an invalid insurance policy. Therefore, the plaintiffs' argument that Williams was under a duty to create a valid lien is misplaced in light of the allegations in the complaint.
The plaintiffs' second argument is that Williams owes them a duty because they were the third-party beneficiaries of his representation of the borrower. Specifically, the plaintiffs contend that the direct purpose of the issuance of the interim title insurance binder at the closing was to benefit them, the third-party lender.
"As a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of their services." Krawczyk v. Stingle, 208 Conn. 239, 244, 543 A.2d 733
(1988). Nevertheless, "courts generally now permit actions for malpractice without reference to privity, so long as the plaintiff is the intended or foreseeable beneficiary of the professional's undertaking . . ." Mozzochi v. Beck, 204 Conn. 490,499, 529 A.2d 171 (1987). "Determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy . . . In addressing this issue, courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party." Krawczyk v.Stingle, supra, 208 Conn. 245.
However, even where courts have found that the plaintiffs are the intended beneficiaries of the transaction, they have "refrained from imposing liability when such liability had the potential of interference with the ethical obligations owed by an attorney to his or her client." Id. 246. "A central dimension of the attorney-client relationship is the attorney's duty of entire devotion to the interests of the client." (Internal quotation marks omitted.) Id. Accordingly, the Connecticut Supreme Court has "sought to avoid any rule that would interfere with the attorney's primary duty of robust representation of the interests of his or her clients." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, CT Page 1116 728, 627 A.2d 374 (1993).
In this case, there is no dispute that Williams represented the borrowers at the closings and that plaintiffs were represented by their own counsel. Moreover, there is no dispute that Williams issued the interim policies because his client was obliged to issue them at the closings. Thus, imposing liability on Williams for issuing the policies pursuant to his client's obligations would interfere with his responsibility to his client. Accordingly, even if the plaintiffs were the intended beneficiaries of the transaction, ethical considerations mandate that no duty be imposed on Williams in his capacity as the attorney for the borrower.
Finally, the plaintiffs contend that Williams owes them a direct duty as the agent for Lawyer's. In support of this argument, in addition to an affidavit. the plaintiffs submitted copies of the four interim title insurance binders issued by Lawyer's. These documents all bear the signature of Williams as the "authorized officer or agent."
"Where an agent commits or participates in the commission of a tort, whether or not he acts on behalf of his principal, he is liable to third persons injured thereby." Maturo v. Gerard,196 Conn. 584, 588, 494 A.2d 1199 (1985). Additionally, inSportsmen's Paradise v. Peerless Insurance Co., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 052606 (6 CONN. L. RPTR. 44, 7 CSCR 401) (February 6. 1992) (Dranginis, J.), the plaintiffs complaint alleged that the defendants, who were two individual claim representatives for an insurance agent, were negligent in their processing of its insurance claim. The defendants moved to strike the claim on the ground that "the individual claim representatives owe a duty of care only to the insurer, not to the insured, and consequently, the plaintiff can not bring a suit against the claim representatives." Id. In denying the defendant's motion, the court cited Maturo v. Gerard
and held that the plaintiff could bring suit against the individual claim representatives as agents of the insurer. Id.
In this case, Williams, in addition to acting as an attorney for the borrowers, acted as an agent for the insurance company. In his capacity as an agent for lawyer's, Williams issued an interim insurance binder to the plaintiffs. This interim policy is the subject matter of the plaintiffs' complaint against Williams. Similar to the claims representatives in Sportsmen'sCT Page 1117Paradise, Williams, as an agent for the insurance company, owed a duty of care to the insured. Accordingly, William's motion for summary judgment must be denied because, as a matter of law, he owed an actionable duty to the plaintiffs.
CONCLUSION
Based on the foregoing, the Defendant Wallace William's Motion for Summary Judgment on the Second, Fifth, Eighth, and Eleventh counts of the Plaintiffs Revised Complaint (#117) is denied.
HARTMERE, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1126