[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Trudeau, Jr.(hereafter "Trudeau"), commenced this action [against] Martin Gold, T.R. Paulding, and Butler, Norris and Gold ("partnership"), arising out of their representation of Trudeau's adversary in an underlying lawsuit. Trudeau alleges that he was involved in a dispute with Connecticut Car Rental, Inc. hereafter ("CCRI") concerning unspecified transactions in vehicles. The partnership represented CCRI, and Trudeau was represented by one attorney Lerner.
Trudeau asserts that during the course of negotiations concerning the suit with CCRI, Gold made representations that he would not pursue a replevin action against Trudeau. He continues that on March 24, 1995, Gold sought and obtained an ex parte order of replevin contrary to his prior representations.
The complaint sounded in two counts, the first for the defendants' alleged fraud and misrepresentations made during negotiations, and the second seeking damages for promissory estoppel based on the same facts. The defendants filed a motion to strike the complaint in its entirety on the ground that it was legally insufficient. That motion was granted. The court found that the first count of Trudeau's complaint was legally insufficient as he failed to allege the third essential element of a fraud claim; that the statement in question was made with the intent of inducing reliance by Trudeau. The court also found that the second count of the complaint, alleging promissory estoppel, was legally insufficient. It court noted that in general, attorneys are not liable to persons other than their clients in the absence of a special relationship between the CT Page 1320 attorney and the plaintiff. The court found that in the absence of an allegation that Trudeau was an "intended or foreseeable beneficiary" of the defendant attorneys' services, no cause of action could lie.
Trudeau filed an amended complaint purporting to rectify the deficiencies of the first complaint which the defendants duly attacked with the instant motion. The defendants argue that they are immune, as a matter of law, from suits by one of their client's adversaries arising out of their representation of that client. Trudeau responded that the corrections made in the amended complaint address the deficiencies of his previous pleading and that he has therefore pleaded two legally sufficient causes of action. Trudeau also complains that the defendants' current motion to strike "raises no new arguments" other than the ones raised in the previous motion, and that the defendants have filed the instant motion "in bad faith and solely for the purpose of delay."
It is well-settled that the purpose of a motion to strike is "to test the legal sufficiency of a pleading." RK ConstructorsInc. v. Fusco Corp., 231 Conn. 381, 384. "In ruling on a motion to strike, the court is limited to the facts alleged in the . . . [pleading]." Novametrix Medical Systems Inc. v. BOC Group Inc.,224 Conn. 210, 215. Further, on a motion to strike "[t]he court must construe the facts in the . . . [pleading] most favorably to the . . . [pleader]." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170.
Trudeau has sufficiently alleged a cause of action for fraud by setting forth the necessary elements: "(1) a false representation was made as to a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." Billington v. Billington, 220 Conn. 212, 217.
Trudeau has sufficiently alleged all four elements of a cause of action for fraud, and that count one is therefore legally sufficient. Although the defendants argue that they are immune from liability because they represented Trudeau's adversary in a lawsuit, they can be held liable for fraud, given the right circumstances.
The general rule that "attorneys are not liable to persons CT Page 1321 other than their clients for the negligent rendering of services," is based on the principle that an attorney's sole duty is to his client. The only recognized exception to this rule is where the plaintiff can demonstrate that he was the "intended or foreseeable beneficiary" of the attorney's services. Krawczyk v.Stingle, 208 Conn. 239, 244-246.
The general rule and its exceptions, however, address the issue of negligence by an attorney in rendering legal advice or services to a client. By contrast, in this case Trudeau alleges fraud — an intentional tort — by the defendants. The allegations, if true, could result in liability by the defendants for fraud and misrepresentations made to Trudeau and his attorney.
A rule insulating attorneys from fraudulent or misleading statements made during the course of their representation would fly in the face of the principles of ethics which govern attorneys' behavior. While attorneys are protected from liability for negligence to non-clients, no such principle applies to protecting attorneys from liability for intentional torts. Although the Rules of Professional Conduct require attorneys to exercise reasonable diligence in representing a client;[1]
Rules of Professional Conduct 1.3; attorneys are also prohibited from making false representations of law or fact to third parties. Rules of Professional Conduct 4.1. While it is true that a breach of the Rules of Professional Conduct "does not, of itself, give rise to a cause of action," Leavenworth v. Mathes,38 Conn. App. 476, 480 n. 2, citing Noble v. Marshall23 Conn. App. 227; a breach of the Rules could indeed, under the right circumstances, give rise to liability in tort.
In sum, that attorneys are not, as a matter of law, immune from liability for fraud and misrepresentation, and therefore, the defendants' motion to strike the first count is denied.
In the second count, sounding in promissory estoppel, Trudeau argues that he has pleaded a legally sufficient cause of action because he has added the allegation that he was an "intended or foreseeable beneficiary" of the defendants' services. Trudeau's addition of the language "intended or foreseeable beneficiary" does not bring his pleading into the ambit of legal sufficiency. Additionally, it appears that Trudeau misconstrues what constitutes an "intended or foreseeable beneficiary" in the context of holding attorneys liable to non-clients for negligence. This conclusion is reached by an examination of the CT Page 1322 cases in which an attorney has been found to be liable to persons other than his client.
As noted above, in Krawczvk v. Stingle, supra, the court restated the general rule that attorneys are not liable to persons other than their clients for the negligent rendering of legal services. The court also noted, however, that other jurisdictions have extended an attorney's liability to third parties if those third parties can demonstrate that they were intended or foreseeable beneficiaries of the attorney's services.
Despite this exception to the general rule of non-liability, the only circumstance under which an attorney has been held liable for negligence to a non-client is in the context of a negligently drafted will.[2] See Stowe v. Smith, 184 Conn. 194. As one court has stated: "The common thread that holds together the exceptions to the privity rule is the lack of an adversarial relationship between the attorney's client and the third party."Cotroneo v. Von Schilling, 9 CSCR 133 (January 5, 1994, Lewis, J.). This explains why heirs of a deceased client can sue an attorney who negligently drafted the client's will to their detriment.
Although, in the present case, Trudeau has alleged that he was an "intended or foreseeable beneficiary" of the defendants' services, he has not pleaded facts which demonstrate that he was owed a duty by the defendants in the same way that a client would be owed a duty by an attorney. In other words, for Trudeau to be an "intended beneficiary" of the defendants' services within the meaning of the so-called privity exception, his interests would have to be non-adversarial to the defendants' client. He has not and as a matter of law cannot demonstrate this. See Field v.Kearns, 14 Conn. L. Rptr. 35, 38 (April 6, 1995, Pittman, J.) ("as a matter of law, no such duty is owed by one party's counsel in a lawsuit to the opposing party"). Thus, the defendants' motion to strike count two of the plaintiff's complaint is granted.
The motion to strike is denied as to the first count and granted as to the second.
Moraghan, J.