[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case the defendant, an attorney, has moved to strike a complaint filed by a dentist who rendered services to the defendant's client in connection with a personal injury action. The complaint alleges that the plaintiff, Theodore N. Lenczyk, a dentist, provided dental "restoration services" to one Clifford Grabowski commencing in November, 1991 after Mr. Grabowski sustained injuries to his teeth in an automobile accident. The defendant, Vincent F. Sabatini, an attorney, represented Mr. Grabowski in the lawsuit which Mr. Grabowski commenced after the automobile accident.
The complaint further alleges:
 The restoration services commenced and were initially completed on December 30, 1991, at which time the patient informed the plaintiff that Attorney Sabatini wanted a complete treatment record, a narrative, and the billing for all the specifics. The bill totaled $15,375. . .
The complaint alleges that the lawsuit of Clifford Grabowski was settled and Grabowski received a settlement check on April 21, 1993. The plaintiff waited "a couple of weeks" for "the provider fees" and then wrote four letters to Attorney Sabatini requesting payment between May 5, 1993 and May 31, 1993. The plaintiff did not receive a response from Attorney Sabatini. This appears to be because by letter dated May 13, 1993, a copy of which is a part of the complaint, Attorney Sabatini complained about the plaintiff's conduct to the Connecticut State Dental Commission. That letter contained the following language:
 On February 9, 1993, Dr. Lenczyk was noticed by the attorneys representing the insurance carrier, namely CT Page 5252-L Donovan Morello, specifically Jan Trendowski, representing the Metropolitan Insurance Company, that they wished to take his deposition. At that time, Dr. Lenczyk refused to attend any deposition unless he "obtained a percentage of the award." He insisted, in conversation with me and with Claudia Hojnowski, another lawyer in our office, that unless we guaranteed him a percentage of the gross settlement, he would not cooperate at the deposition and would see to it that Mr. Grabowski would not receive any money. He demanded "$12,000 if the settlement was $50,000; $15,000 if settlement was $60,000 and 20% if the settlement was $100,000", otherwise, he would not attend the deposition, would not turn over the x-rays and would otherwise not cooperate. This firm refused to go along with his demand. His position placed Mr. Grabowski's case in jeopardy. His trial was scheduled for May 4, 1993. Dr. Lenczyk's position forced Mr. Grabowski to settle this matter for less than full value.
The complaint further alleges that Attorney Sabatini met with Mr. Grabowski to discuss the plaintiff's May 10, 1993 demand for payment (which apparently sought $33,048, more than double $15,375, the amount of the only bill of which the plaintiff had advised Sabatini). During the course of that meeting Attorney Sabatini allegedly remarked that he would like to "beat the s___" out of Lenczyk. The following day Mr. Grabowski went to Lenczyk's office and assaulted him. Thereafter Mr. Grabowski allegedly stated that Attorney Sabatini had advised him to deny that he had assaulted the plaintiff.
The complaint is not separated into counts, but contains a section labeled "In Conclusion" which indicates that the plaintiff is seeking to recover damages against the defendant for: 1) violation of the Code of Professional Responsibility; 2) violation of the attorneys' oath; 3) negligence; 4) deceptive acts in the conduct of his business; and 5) engaging in immoral and unscrupulous professional conduct in violation of public policy
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to CT Page 5252-M strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
Based on the allegations and legal conclusions contained in the complaint, it appears that the plaintiff is attempting to state a cause of action against the defendant on the theories of attorney malpractice, general negligence and violation of the Rules of Professional Conduct.
The complaint fails to state a cause of action for malpractice because it does not allege an attorney-client relationship between the plaintiff and the defendant and does not allege circumstances that would make the plaintiff the foreseeable beneficiary of the legal services rendered by the defendant to Clifford Grabowski. Mozzochi v. Beck, 204 Conn. 490, r529 A.2d 171 (1987); Leavenworth v. Mathes, 38 Conn. App. 476,661 A.2d 632 (1995).
Where a plaintiff is not the client of the defendant or the intended beneficiary of legal services rendered by the defendant, that plaintiff's complaint cannot support an action for legal malpractice grounded in the provisions of the Code of Professional Responsibility. Mozzochi v. Beck, 204 Conn. at 492-493. The Court in Mozzochi held that violations of the Code of Professional Responsibility do not give rise to any private cause of action for legal malpractice by anyone, including a client of the offending attorney. Id at 499.
"Negligence is a breach of duty. . . . To sustain a cause of action in negligence, the court must determine whether the defendant owed a duty to the plaintiff. . . . The existence of a duty is a question of law. . ." Dennison v. Klotz, 12 Conn. App. 570,577, 532 A.2d 1311 (1987)
 The requisite duty to use care may stem from a contract, from a statute, or from circumstances under which a reasonable person would anticipate that harm of the general nature of that suffered was likely to result. Coburn v. Lenox Homes, Inc., [186 Conn. 370, 375, 441 A.2d 620 (1982)]. Negligence cannot be predicated upon the failure to perform an act which the actor was under no duty or obligation to perform.
CT Page 5252-N
Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45,492 A.2d 219 (1985). Moreover, "the law does not recognize a duty in the air. To sustain a cause of action, the court must determine whether the defendant owed a duty. . . ." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 171, 544 A.2d 1185 (1988).
The plaintiff has pled no facts alleging the existence of a contract between himself and the defendant. He has not identified any statute which creates a duty to the plaintiff owed by the defendant, or other circumstances which could have given rise to a duty on the part of the defendant to the plaintiff.
For the foregoing reasons, the Motion to Strike is granted.
By the court,
Aurigemma, J.