[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants have moved for summary judgment in this action in which the plaintiff, a former member of their law firm, has moved for an accounting of a partnership that has not existed since May 31, 1988. The defendants claim that this action IS barred by the doctrine of collateral estoppel.
Factual Background
The defendants Robert B. Moran, Jr., Phillip J. Carignan and Glenn E. Knierim, Jr. are attorneys who practice together in Avon, Connecticut. Until May 1988, the plaintiff Robert B. August practice law with Moran, Carignan and Knierim in a Connecticut general partnership known as August Moran. In May, 1988 the partners merged August Moran with another law firm known as Lazorick Shuster. The merged entity became known as August, Moran, Lazorick Shuster. At the time of the merger, the assets and liabilities of the former partnership of August Moran were allocated to the newly formed partnership and were taken into consideration in arriving at a capital account for each partner.
On March 20, 1991 August withdrew from the firm of August, Moran, Lazorick Shuster. On March 8, 1993 the law firm of CT Page 3266 Moran, Shuster, Carignan Knierim, the successor in interest to August, Moran, Lazorick Shuster, commenced an action against August to recoup August's negative capital account which existed at the time of his withdrawal from the firm. The action,Moran, Shuster, Carignan Knierim v. Robert B. August,
Docket No. CV-93-00456076S, Judicial District of Hartford/New Britain at New Britain (the "Prior Action") was tried before this court, L. Dorsey, J., on October 26, 27 and November 1, 1993. Judge Dorsey ruled that when he withdrew from the firm August had a negative capital account in the amount of $46,699.07. He also held that August was entitled to compensation from the firm in the amount of $2400 and entered judgment against August in the amount of $44,299.07. The Connecticut Supreme Court affirmed Judge Dorsey's decision in Moran, Shuster, Carignan Knierimv. August, 232 Conn. 756, 657 A.2d 229 (1995).
August commenced this action twenty-two days after Judge Dorsey rendered his decision in the Prior Action. In this action August seeks a formal accounting of August Moran as of May 31, 1988. In their Fifth Special Defense in this action the defendants claim that in light of the Prior Action, August is collaterally estopped from pursuing the present action for accounting.
Discussion of the Law and Ruling
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991);Lees v. Middlesex Ins. Co., 219 Conn. 644, 650,594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact;D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381;Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson,176 Conn. 304, 309, 407 A.2d 971 (1978). Strada v. ConnecticutCT Page 3267Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982); New Milford Savings Bank v.Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226 (1995);Conway v. Wilton, 39 Conn. App. 280, 283, 284,664 A.2d 327 (1995).
"`Claim preclusion, sometimes referred to as res judicata, and issue preclusion, sometimes referred to as collateral estoppel, are first cousins. Both legal doctrines promote judicial economy by preventing relitigation of issues or claims previously resolved. State v. Ellis, 197 Conn. 436, 466, 497 A.2d 974
(1985).'" Scalzo v. Danbury, 224 Conn. 124, 127,617 A.2d 440 (1992); Commissioner of Motor Vehicles v. DeMilo Co., 233 Conn. 254, 267, 659 A.2d 148 (1995).
The purposes of the doctrine of res judicata have also been identified as follows: (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. State v. Ellis, supra
at 466 (citations omitted).
Under the doctrine of res judicata, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. "`The rule of claim preclusion prevents reassertion of the same claim even though additional or different evidence or legal theories might be advanced in support of it. In applying the rule of claim preclusion, the critical question is how broad a definition to give to the term `same claim' or `cause of action.' The broader the definition, the broader the scope of preclusion.' James Hazard, Civil Procedure (2d Ed.) 11.7, p. 540;[21] see Blonder-Tongue Laboratories, Inc. v.University of Illinois Foundation, 402 U.S. 313, 327,91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)." State v. Ellis,197 Conn. 436, 464, 497 A.2d 974 (1985).
Our Supreme Court has adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger the operation of the doctrine of CT Page 3268 res judicata. The claim that is extinguished by the judgment in the first action includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transaction, out of which the action arose. Delahunty v. Massachusetts Mutual Life Ins.Co., 236 Conn. 582, 590, 674 A.2d 1290 (1996); Orseletv. DeMatteo 206 Conn. 542, 539 A.2d 95 (1988).
Under claim preclusion analysis, a cause of action "`includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . .'"Scalzo v. Danbury, 224 Conn. 124, 129-30, 617 A.2d 440
(1992), quoting Duhaime v. American Reserve Life Ins.Co., 200 Conn. 360, 364-365, 511 A.2d 333 (1986). Moreover, claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made. Scalzo, supra, at 130; Corey v. Avco-LycomingDivision, 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973). The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. Mulligan v.Rioux, 229 Conn. 716, 751, 643 A.2d 1226 (1994);Eisele's Nursery and Garden Center, Inc. v. Kirkegard,37 Conn. App. 271, 655 A.2d 1129 (1995).
The defendants argue that although a different claim, the issue of the accounting of August Moran as of May 1988 was actually litigated and necessarily determined in the Prior Action. The court agrees.
The gravamen of August's defense in the Prior Action was that if the accounts receivable of August Moran attributable to him had been properly taken into consideration in the newly formed firm of August, Moran, Lazorick Shuster, then his capital account would not have been negative, but would have been positive. Ronald Bucchi, a certified public accountant, testifying on behalf of August in the Prior Action, stated that he had, essentially, performed an accounting of the interest of August in August, Moran as of May, 1988 and determined that August had a positive capital account of $79,000. See trial transcript pp. 175 and 222. Judge Dorsey considered that testimony, but did not agree that accounts receivable attributable to August should alter the amount of August's CT Page 3269 capital account. Judge Dorsey held that all of the partners, including August, were aware of the capital account structure in the new partnership and agreed to it. See Memorandum of Decision, p. 3-4. He further found that August had accepted the fact that he had a negative capital account with the new partnership for a period of three years.
It is true that the Prior Action was not an action for an accounting. However, it was an action in which the value of August's capital account in August Moran was fully litigated. It is inconceivable how the present action for an accounting from a firm that has not existed for almost ten years can have any purpose other than to again establish the value of August's capital account in August Moran. August had the opportunity to and did fully litigate that issue in the Prior Action. He is barred from relitigating it by the doctrine of collateral estoppel.
The Motion for Summary Judgment is granted and judgment is hereby entered in t action in favor of the defendants.
By the court,
Aurigemma, J.