[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #109 MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT PAUL MACY
Motion for Summary Judgment is granted.
This case involves a negligence action against the defendants Prince CT Page 13836 Medical, Incorporated (hereinafter Prince Medical), Shelley Sherbondy and Paul Macy. Plaintiff alleges that as a result of the negligence of the defendants Sherbondy and Macy she was struck by a swinging door located on the premises owned by the defendant Prince Medical.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The defendant, Paul Macy has filed a Motion for Summary Judgment as to Count Two of the Complaint. Count Two is directed at the defendant, Paul Macy. Attached to the plaintiff's Motion for Summary Judgment was a Memorandum of Law and two Affidavits. One from the Affidavits is from the defendant Shelley Sherbondy and the other is from the defendant Paul Macy.
The Affidavit of Shelly Sherboudy (sic) provides in pertinent part that:
 4) I along with Paul Macy, were walking together by the swinging doors which allegedly hit Nancy Carasone at the building located at 46-48 Prince Street, New Haven, Connecticut on June 15, 2000.
5) I pushed open the door which allegedly hit Nancy Carasone.
 6) I did not see Paul Macy make any physical contact with the door before Nancy Carasone fell.
The Affidavit of Paul Macy provides in pertinent part that: CT Page 13837
 4) I along with Shelley Sherbondy, were walking through the door which allegedly hit Nancy Carasone on June 15, 2000 at the building located at 46-48 Prince Street, New Haven, Connecticut.
 5) I was walking behind Shelly Sherbondy when she pushed open the door which allegedly hit Nancy Carasone.
 6) At no time before Nancy Carasone fell, did I have any contact with the door.
The defendant asserts in his Motion for Summary Judgment that since he did not have contact with the door that allegedly struck the plaintiff he did not owe any duty to her.
On September 20, 2001, the plaintiff filed its response to the defendant's Motion for Summary Judgment. The response states in pertinent part that the plaintiff "does not oppose the defendant Paul Macey's (sic) Motion for Summary Judgment."
Before addressing the merits of plaintiff's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the CT Page 13838 burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
In the instant action, the plaintiff has not filed any opposing Affidavits. Furthermore, the plaintiff has stated in its reply to the Motion for Summary Judgment that it does not oppose said Motion. In light of the foregoing, the Court comes to the conclusion that the defendant has met his burden of showing that there are no genuine issues of material fact. The defendant has also met his burden of showing that since he did not open the door that allegedly struck the plaintiff he was not under any duty to the plaintiff
 "Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Dean v. Hershowitz, 119 Conn. 398, 407-408, 177 A. 262 (1935). It is well settled that to state a cause of action for negligence, a plaintiff must establish "duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The existence of a duty is a question of law, and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation. Petriello v. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990)." Leavenworth v. Mathes, 38 Conn. App. 476, 479, 661 A.2d 632 (1995).
 Davies v. General Tours, Inc., 63 Conn. App. 17, 22 (2001).
Whereas the defendant has met his burden of proof that there are no genuine issues of fact and that he was not under any duty to the plaintiff, under applicable principles of substantive law he is entitled to a judgment as a matter of law. The defendant's Motion for Summary Judgment is therefore granted.
Richard A. Robinson, J.