# JOHN WISNIEWSKI ET AL. *v.* ANTHONY J. PALERMINO ET AL.
## (SC 21001)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander, Dannehy and Westbrook, Js.*

*Syllabus*

The plaintiffs, a friend and two grandchildren of the decedent, W, appealed from the judgment of the trial court, which had dismissed their professional negligence and breach of contract claims relating to the defendant attorney's preparation of W's will. The plaintiffs alleged, inter alia, that the defendant had failed to execute W's estate plan in accordance with W's wishes insofar as W intended that, upon his death, his interest in a certain security account would be distributed in five equal shares to the plaintiffs and two other individuals but all the account's assets ultimately were distributed to only one of those individuals, who previously had been designated as the sole beneficiary of the account. The court's dismissal of the plaintiffs' professional negligence claim was based on its determination that the plaintiffs lacked standing because, under Connecticut law, an attorney can be held liable to a third-party beneficiary of a will only for errors relating to the drafting or execution of the will, and the allegations relating to that count concerned the defendant's failure to ensure that W changed the account's designated beneficiary. The subsequent dismissal of the plaintiffs' breach of contract claim was based on the court's conclusion that that claim was functionally identical to the previously dismissed professional negligence claim. On appeal, the plaintiffs challenged the trial court's dismissal of their claims. *Held*:

The trial court improperly dismissed the plaintiffs' professional negligence claim but properly dismissed their breach of contract claim, and, accordingly, this court reversed in part the trial court's judgment and remanded the case for further proceedings with respect to the plaintiffs' professional negligence

---

* This case originally was argued before a panel of this court consisting of Chief Justice Mullins and Justices McDonald, D'Auria, Ecker, Alexander and Dannehy. Thereafter, Judge Westbrook was added to the panel and has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

351 Conn. 390 MARCH, 2025 391

Wisniewski *v.* Palermino

claim to the extent that that claim was premised on the defendant's failure to advise W about the effect that the account's beneficiary designation would have on W's estate plan.

This court rejected the plaintiffs' contention that their professional negligence claim encompassed an allegation that the defendant had committed an error in drafting W's will, and, accordingly, such an alleged drafting error could not serve as a basis for the plaintiffs' standing to bring a professional negligence claim against the defendant.

This court nevertheless concluded that public policy supported the imposition of liability on an attorney who fails to comply with the standard of care in connection with the advising of a client about the effect that an account's beneficiary designation can have on the client's estate plan.

In situations in which a client informs an attorney of the client's intention to transfer assets from a security account according to terms set forth in an estate planning instrument, the attorney has a duty to the intended beneficiaries to comply with the applicable standard of care regarding the advice that must be communicated to the client as to the steps the client must take to make necessary changes to the beneficiary designation in order to effectuate his or her intentions, as set forth in the estate planning instrument.

In view of the allegations set forth in the operative complaint, the plaintiffs sufficiently pleaded that the defendant did not properly advise W about the consequences of using a will to transfer the account's assets when W previously had designated a beneficiary for that account, and, accordingly, the plaintiffs had standing, under this theory of liability, to assert their professional negligence claim against the defendant.

This court, however, rejected the plaintiff's contention that the defendant had a duty to go beyond advising the client of the interrelationship between a will and a security account with a beneficiary designation and to ensure that the account beneficiary designation is actually changed.

The trial court properly dismissed the plaintiffs' breach of contract claim, as the allegations supporting that claim did not sound in breach of contract.

(*Three justices concurring in part and dissenting in part in one opinion*)

Argued October 28, 2024—officially released March 4, 2025

*Procedural History*

Action to recover damages for, inter alia, legal malpractice, brought to the Superior Court in the judicial district of Hartford, where the court, *Noble, J.*, granted in part the motion to dismiss filed by the named defen-

Wisniewski *v.* Palermino

dant et al. and rendered judgment thereon; thereafter, the plaintiff Barbara Saccardo et al. filed a substitute complaint; subsequently, the court, *Baio, J.*, granted the motion to dismiss filed by the named defendant et al. and rendered judgment thereon, from which the plaintiff Barbara Saccardo et al. appealed. *Reversed in part*; *further proceedings*.

*A. Paul Spinella*, for the appellants (plaintiff Barbara Saccardo et al.).

*Julie A. Lavoie*, with whom were *David P. Friedman, Daniel J. Krisch* and, on the brief, *Lorey Rives Leddy*, for the appellees (named defendant et al.).

*Opinion*

McDONALD, J. Today we are called on to consider the scope of an attorney's liability to third-party beneficiaries of a will. The plaintiffs, two of decedent Edward Wisniewski's grandchildren, Emma Wisniewski and Madelyn Wisniewski, and his friend, Barbara Saccardo,[1] brought this action alleging professional negligence and breach of contract by the defendants Anthony J. Palermino, an attorney, and his law firm, the Law Office of Anthony J. Palermino, LLC, in connection with estate planning work performed by the defendant for Wisniewski in April, 2018.[2] The plaintiffs alleged that Wisniewski

---

[1] When the plaintiffs filed suit, John Wisniewski, the executor of Wisniewski's estate and the father of Emma Wisniewski and Madelyn Wisniewski, was a named plaintiff. Emma Wisniewski and Madelyn Wisniewski were minors when John Wisniewski filed suit on their behalf. The trial court ordered the plaintiffs to amend the summons and complaint to remove John Wisniewski in order to "reflect the real parties in interest . . . ." Even though the substitute complaint removed John Wisniewski as a plaintiff, the docket and case caption still list him as a plaintiff.

[2] Throughout this opinion, we refer to the decedent, Edward Wisniewski, by last name, and we refer to Palermino as the defendant. We note that, in addition to Palermino and his law firm, in their amended complaint, the plaintiffs also named Joanna Cooper as a defendant. However, the trial court rendered judgment for Joanna Cooper after she prevailed on a motion to strike the defendant's claims against her, and the plaintiffs have not appealed from that portion of the court's judgment. Accordingly, Joanna Cooper is not a party to this appeal.

Wisniewski *v.* Palermino

retained the defendant to draft a will that would transfer his interest in his TD Ameritrade security account, valued at \$845,367.57, in five equal shares to them, to Wisniewski's daughter, Joanna Cooper, and to Joanna Cooper's child. Wisniewski died the next month. Joanna Cooper—the only designated beneficiary on the account—received the entire amount pursuant to the beneficiary designation on file with TD Ameritrade.[3] The plaintiffs alleged that the defendant was professionally negligent for failing (1) to advise Wisniewski that he needed to change the TD Ameritrade account's beneficiary designation so that the account's assets would pass through Wisniewski's estate in accordance with the will, and (2) to ensure that the account's beneficiary designation was in fact changed. The plaintiffs also alleged that the defendant breached his contract with Wisniewski because he did not draft the will in accordance with Wisniewski's wishes. The trial court ultimately dismissed the plaintiffs' claims. On appeal, the plaintiffs argue that the trial court erred in dismissing both claims. We agree that the trial court improperly dismissed the plaintiffs' professional negligence claim. We conclude, however, that the trial court properly dismissed the plaintiffs' breach of contract claim.

The record, viewed in the light most favorable to the plaintiffs, reveals the following facts and procedural history. In April, 2018, Wisniewski retained the defendant to prepare his estate plan. Wisniewski had informed the defendant that he wanted a will that would transfer

---

[3] General Statutes § 45a-468a (10) defines "security account" as "(A) a reinvestment account associated with a security, a securities account with a broker, a cash balance in a brokerage account, cash, interest, earnings, or dividends earned or declared on a security in an account, a reinvestment account, or a brokerage account, whether or not credited to the account before the owner's death, or (B) a cash balance or other property held for or due to the owner of a security as a replacement for or product of an account security, whether or not credited to the account before the owner's death."

his interest in his TD Ameritrade account in five equal shares to Joanna Cooper, his grandchildren, Miles Cooper, Emma Wisniewski, and Madelyn Wisniewski, and his friend, Saccardo. The defendant had advised Wisniewski that, other than properly executing a will consistent with his wishes, no further action was required to ensure that the proceeds from the account would transfer according to the will's terms. Wisniewski died the next month. Because Wisniewski had previously designated Joanna Cooper as the account's sole beneficiary, the entire amount was transferred to her by TD Ameritrade according to Wisniewski's beneficiary designation on file with TD Ameritrade, rather than according to the terms of the will.

The plaintiffs brought this action against the defendant, alleging that they had standing as intended third-party beneficiaries of Wisniewski's will. Relevant to this appeal, the plaintiffs' amended complaint included a professional negligence claim and a breach of contract claim. In their first count, the plaintiffs alleged that the defendant was professionally negligent because he "breached [the] relevant duty of care by failing to execute . . . Wisniewski's estate plan in accordance with his wishes, including by failing to ensure that the TD Ameritrade account listed the estate as the beneficiary." In their second count, they alleged that Wisniewski contracted with the defendant "to prepare a will in accordance with his wishes" and that "the [defendant] breached [his] contractual duties to Wisniewski and to the plaintiffs as intended third-party beneficiaries by failing to prepare the will in accordance with [Wisniewski's] express wishes."

The defendant filed a motion to dismiss both claims for a lack of standing. The trial court dismissed the plaintiffs' professional negligence claim, reasoning that an attorney cannot be held liable to third-party beneficiaries of a will under Connecticut law, except for errors

Wisniewski *v.* Palermino

related to drafting or executing the will. The trial court also reasoned that the plaintiffs failed to allege that the defendant and Wisniewski had intended that the defendant would assume an obligation to the plaintiffs. The trial court denied the defendant's motion to dismiss as to the plaintiffs' breach of contract claim on the ground that the plaintiffs had standing as third-party beneficiaries of Wisniewski's will to bring a breach of contract claim against the defendant because the plaintiffs alleged that the defendant erred in drafting Wisniewski's will.

After about two years, during which the parties engaged in discovery, the trial court granted the plaintiffs leave to file a substitute complaint. In that complaint, the plaintiffs modified their surviving breach of contract claim. They removed the allegation that the defendant had failed to draft Wisniewski's will in accordance with his wishes. They replaced it with the allegation that the defendant breached his "contractual duties to . . . Wisniewski and to intended third-party beneficiaries . . . by failing to take additional steps to ensure that the TD Ameritrade account would be distributed through probate of the estate, such as by naming the estate as the beneficiary of the account." The defendant filed a motion to dismiss the breach of contract claim in the plaintiffs' substitute complaint. The court granted the motion. In its order, the trial court adopted the arguments made in the defendant's motion to dismiss, concluding that (1) "the substitute . . . complaint [was] an impermissible collateral attack on [the] court's prior judgment dismissing the plaintiffs' functionally identical [professional] negligence claim against [the defendant]," and (2) the plaintiffs "lack[ed] standing to pursue a [professional] negligence or breach of contract claim against [the defendant] for failing to ensure the proper distribution of [Wisniewski's] assets" because Connecticut recognizes that an attorney is liable to

third-party beneficiaries of a will only for errors in drafting or executing the will. In support of this latter proposition, the trial court cited *Leavenworth* v. *Mathes*, 38 Conn. App. 476, 480, 661 A.2d 632 (1995).

The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2. On appeal, the plaintiffs challenge the trial court's dismissal of their professional negligence claim in the amended complaint and their breach of contract claim in the substitute complaint. Additional facts will be set forth as necessary.

I

We first consider the plaintiffs' claim that the trial court erred in dismissing their professional negligence claim against the defendant for lack of standing. The plaintiffs argue that they have standing to bring their professional negligence claim against the defendant for two reasons. First, they argue that they have properly alleged standing to bring a claim for professional negligence consistent with the pleading requirements articulated in this court's decision in *Stowe* v. *Smith*, 184 Conn. 194, 199, 441 A.2d 81 (1981), in which we held that intended beneficiaries of a will have a cause of action in tort or contract against an attorney for the attorney's alleged failure to prepare the will in accordance with the testator's wishes. The plaintiffs rely on their allegations that the defendant erred in drafting Wisniewski's will insofar as the will did not transfer the proceeds from the TD Ameritrade account according to Wisniewski's wishes.

Second, the plaintiffs argue that they have standing because, in *Krawczyk* v. *Stingle*, 208 Conn. 239, 244–45, 543 A.2d 733 (1988), this court determined that attorneys can be held liable to intended third-party beneficiaries of a will for conduct other than errors in drafting

Wisniewski *v.* Palermino

or executing the will. They emphasize that, in *Krawc-zyk*, this court approvingly cited other state courts that have held attorneys liable to third parties for, among other things, "fail[ing] to advise a client of the consequences . . . of using one type of estate planning instrument." (Citation omitted.) Id., 245, citing *Bucquet* v. *Livingston*, 57 Cal. App. 3d 914, 129 Cal. Rptr. 514 (1976); see *Bucquet* v. *Livingston*, supra, 916–17, 923–24 (concluding that attorney could be held liable for negligently failing to advise client of adverse tax consequences of retaining power of appointment). The plaintiffs contend that the defendant should be held liable for his failure to advise Wisniewski that he needed to change the TD Ameritrade account's beneficiary designation to name the estate as the beneficiary in order to transfer the proceeds from his account according to the will's provisions. Again citing to *Krawczyk*, they further argue that the defendant should also be held liable for his failure to ensure that Wisniewski actually made the required change to the beneficiary designation. The plaintiffs, quoting *Krawczyk* v. *Stingle*, supra, 245, assert that, regardless of whether this court has previously recognized a cause of action for a failure to advise in *Krawczyk*, it should conclude that a duty attaches under the circumstances of the present case because the question of whether " 'attorneys should be held liable to parties with whom they are not in privity is a question of public policy.' " They argue that public policy supports recognizing a duty to properly advise Wisniewski and a duty to ensure that the account's beneficiary designation was changed.

The defendant disagrees and argues that the trial court properly dismissed the plaintiffs' professional negligence claim. Citing to *Stowe* and *Krawczyk*, he asserts that Connecticut courts have been reluctant to extend an attorney's liability to third-party beneficiaries of a will beyond errors in drafting or executing the

Wisniewski *v.* Palermino

will. The defendant also quotes *Leavenworth* v. *Mathes*, supra, 38 Conn. App. 480, which he contends supports the conclusion that an attorney may be held liable to third-party beneficiaries of a will only for " 'errors in the drafting and execution of the [will].' " The defendant argues that the plaintiffs did not allege in their professional negligence claim that the defendant erred in drafting or executing Wisniewski's will. The defendant contends that the crux of the plaintiffs' allegations in the amended complaint was that the defendant failed to ensure that the TD Ameritrade account's beneficiary designation was appropriately changed or to advise that such a change was necessary—not that the will's terms failed to conform with Wisniewski's instructions for how he wanted to distribute the account's assets. In response to the plaintiffs' argument that the will was ineffective because it did not affect how the account was distributed, the defendant argues that the plaintiffs have "fail[ed] to appreciate that a will cannot override a beneficiary designation on file with a financial institution."

The defendant further argues that public policy does not warrant expanding the exception to the general rule of strict privity beyond errors in drafting or executing a will. The defendant argues that imposing liability on an attorney for providing negligent advice or for failing to ensure that a client changes a beneficiary designation on a security account would violate long established expectations that an attorney owes a duty only to the client, interfere with the attorney-client relationship, increase the amount of litigation against attorneys and result in higher legal costs, and run counter to the reasoning in other jurisdictions that allow third parties to bring an action against attorneys only for errors in drafting or executing a will.

We agree with the defendant that the plaintiffs did not allege that the defendant erred in drafting Wisniewski's

Wisniewski *v.* Palermino

will. We also agree that an attorney does not have a duty to ensure that a client changes a security account's beneficiary designations after the attorney drafts their will. We conclude, however, that, in situations in which a client informs their attorney that they want to transfer assets from a security account according to terms provided for in a will, that attorney has a duty to the intended beneficiaries to comply with the applicable standard of care regarding the advice that must be communicated to the client as to the steps the client must take to make necessary changes to the beneficiary designation to effectuate the client's intentions as set forth in the will.[4] Accordingly, we conclude that the plaintiffs have standing, as third-party beneficiaries of the will, to bring their professional negligence claim against the defendant based on the allegation that the defendant breached his duty to them by failing to advise Wisniewski that he needed to appropriately change his TD Ameritrade beneficiary designation if he wanted the account's assets to transfer through the will.

Because "standing implicates subject matter jurisdiction"; (internal quotation marks omitted) *McWeeny* v. *Hartford*, 287 Conn. 56, 63, 946 A.2d 862 (2008); and thus "raises a question of law, our review is plenary." (Internal quotation marks omitted.) Id., 64. "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light."

_____

[4] We recognize that the defendant alternatively could have advised Wisniewski that he had the option of designating the intended beneficiaries as the TD Ameritrade account's beneficiaries, rather than the estate. See General Statutes § 45a-468i (a) ("[a] transfer on death resulting from a registration in beneficiary form is effective by reason of the contract regarding the registration between the owner and the registering entity and is not testamentary"). Because it is not an issue in this appeal, we offer no opinion regarding the choice to transfer the account's assets in accordance with a provision in a will rather than transferring the account's assets directly to the intended beneficiaries through the transfer on death designation.

(Internal quotation marks omitted.) *Samelko* v. *Kingstone Ins. Co.*, 329 Conn. 249, 255–56, 184 A.3d 741 (2018). "[A] court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Id., 256.

It is well established that, "[a]s a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services." *Krawczyk* v. *Stingle*, supra, 208 Conn. 244. Although a minority of jurisdictions have declined to recognize exceptions to the strict privity rule under any circumstances; see, e.g., *Robinson* v. *Benton*, 842 So. 2d 631, 637 (Ala. 2002); *Noble* v. *Bruce*, 349 Md. 730, 752, 759, 709 A.2d 1264 (1998); Connecticut and most other jurisdictions have recognized exceptions in the estate planning context. See, e.g., *Krawczyk* v. *Stingle*, supra, 244–45; *Stowe* v. *Smith*, supra, 184 Conn. 197–99; see also, e.g., *Estate of Schneider* v. *Finmann*, 15 N.Y.3d 306, 308, 933 N.E.2d 718, 907 N.Y.S.2d 119 (2010) (noting that only minority of jurisdictions apply strict privity rule in estate planning contexts). In *Stowe*, we held that third-party beneficiaries of a will may bring a cause of action sounding in tort or contract against an attorney for errors related to drafting, preparing, or executing a client's will. See *Stowe* v. *Smith*, supra, 197–99; see also *Krawczyk* v. *Stingle*, supra, 245. We concluded that, in order to bring such an action as a third-party beneficiary of a will, the beneficiary must allege that the attorney had intended to assume a duty to the beneficiary. See *Stowe* v. *Smith*, supra, 197–98.

In *Krawczyk*, this court considered whether to extend an attorney's liability beyond errors related to drafting, preparing, and executing a testator's will. See *Krawczyk* v. *Stingle*, supra, 208 Conn. 245. The plaintiffs in that case argued that the defendant attorney

Wisniewski *v.* Palermino

should be liable to third-party beneficiaries for the attorney's negligence in delaying the execution of a decedent's trusts. See id., 240–43. The client explained to his attorney that he had an upcoming open-heart surgery, and the two agreed that the attorney would prepare her client's estate planning documents by their meeting the following week. See id., 241–42. The attorney recommended using two trusts but advised that a will would entail fewer steps. Id., 241. The client confirmed that he wanted to use trusts to avoid probate. Id., 241–42. The attorney advised her client that she could complete the trust documents by their next meeting if the client provided the requisite information prior to the meeting. Id., 242. The client did not provide all of the requested information until the meeting. Id. As a result of the client's delay, the trust documents were not ready to be executed at the time of the scheduled meeting. Id. The attorney informed the client that she could prepare the trust documents and meet the client four days later to execute them. See id. The client also instructed the attorney to remove one of his brothers as a beneficiary of the trusts. Id. Two days later, the client was hospitalized for a heart attack. Id. The client's sister called the attorney to demand that she complete the trust documents and immediately bring them to the hospital. See id., 242–43. The attorney completed the trust documents but could not reach the client before he died. Id., 243. The plaintiffs argued that the attorney breached her duty to them, as intended beneficiaries, to take immediate steps to have the client execute the documents upon learning of his heart attack. See id.

This court concluded that the attorney could not be held liable to the third-party beneficiaries for any negligence in delaying the execution of her client's estate planning documents. See id., 243–44, 246. Although we declined to extend liability to the facts of *Krawczyk*, we explained that an attorney may still have a duty to

Wisniewski *v.* Palermino

third-party beneficiaries of a will if the balance of public policy considerations warranted imposing a duty. See id., 245. We listed various policy factors that courts have considered when determining whether an attorney may be held liable to third-party beneficiaries, including (1) "whether the primary . . . purpose of the transaction was to benefit the third party," (2) "the foreseeability of harm [to the intended beneficiaries]," (3) "the proximity of the [intended beneficiaries'] injury to the conduct complained of," (4) "the policy of preventing future harm," and (5) "the burden on the legal profession that would result from the imposition of liability." Id., 245–46. We noted that "[c]ourts have refrained from imposing liability when such liability had the potential of interfering with the ethical obligations owed by an attorney to his or her client." Id., 246. This court concluded that the imposition of liability in situations in which an attorney delays execution of a trust would be inconsistent "with a lawyer's duty of undivided loyalty to the client"; id.; and would create a serious risk for conflicts of interest. See id., 246–47. We reasoned that imposing liability under these circumstances would incentivize attorneys to pressure their clients to hastily complete their estate planning documents. See id. And it would instill fear for third-party liability in attorneys, which would "contravene the attorney's primary responsibility to ensure that the proposed estate plan effectuates the client's wishes and that the client understands the available options and the legal and practical implications of whatever course of action is ultimately chosen." Id.

Turning to the plaintiffs' professional negligence claim, we note that they argue, on appeal, that they have alleged that the defendant failed (1) to draft the will in accordance with Wisniewski's wishes, (2) to advise Wisniewski of the need to appropriately change his TD Ameritrade account's beneficiary designation,

Wisniewski *v.* Palermino

and (3) to ensure that the account's beneficiary designation was actually changed. We address each claim in turn.

Construing the plaintiffs' allegations in the first count of their amended complaint favorably, we conclude that the plaintiffs did not allege that the defendant erred in drafting Wisniewski's will. As such, the plaintiffs' reliance on *Stowe* is misplaced. The crux of the plaintiffs' allegations is that the defendant failed to properly advise Wisniewski about the need to appropriately change his TD Ameritrade account's beneficiary designation and to ensure that the beneficiary designation was changed—not that the will itself had been improperly drafted.

The plaintiffs nevertheless insist that they have alleged a drafting error because they alleged that the TD Ameritrade account assets were transferred according to the beneficiary designation on file with TD Ameritrade—not according to the will's terms. But, again, this was not the result of an error in drafting. A will could not have overridden Wisniewski's decision to designate Joanna Cooper as the account's sole beneficiary with TD Ameritrade. See General Statutes § 45a-468i (a) (''[a] transfer on death resulting from a registration in beneficiary form is effective by reason of the contract regarding the registration between the owner and the registering entity and is not testamentary''). By designating Joanna Cooper as the account's sole beneficiary, Wisniewski made the account a nontestamentary asset not subject to bequest through the will. Put differently, the plaintiffs would have alleged a drafting error if they had claimed, for example, that the terms of the will did not conform with the instructions that Wisniewski gave to the defendant. See, e.g., *Stowe* v. *Smith*, supra, 184 Conn. 195–97 (plaintiff's complaint sufficiently stated breach of contract cause of action when it alleged that will defendant drafted did not conform to testator's instructions).

Wisniewski *v.* Palermino

There was no such allegation in the present case. Accordingly, we conclude that the plaintiffs' professional negligence claim did not allege a drafting error and that, as a result, the alleged drafting error cannot serve as a basis for standing to bring the professional negligence claim in this case.

We turn, then, to the allegations that are in fact contained in the plaintiffs' professional negligence claim, namely, that the defendant should have advised Wisniewski about the need to appropriately change the TD Ameritrade account's beneficiary designation and ensured that the beneficiary designation was actually changed.

The plaintiffs contend that they have standing to assert their professional negligence claim because courts in Connecticut recognize, or should recognize, a claim by intended beneficiaries of an estate planning instrument who sustained damages as a result of an attorney's negligence in failing to advise their client about the need to change beneficiary designations when the negligent acts or omissions were necessary to effectuate the client's estate plan. We agree. We first consider whether we have previously recognized such a duty and, if not, whether public policy supports the imposition of the duty. See *Krawczyk* v. *Stingle*, supra, 208 Conn. 245–46. In *Krawczyk*, this court cited cases from other jurisdictions that have held that third-party beneficiaries have standing to bring an action against attorneys for conduct related to the "preparation of a will . . . ." Id., 245. We highlighted that some jurisdictions have concluded that third-party beneficiaries have standing to bring an action against an attorney for the failure "to advise a client of the consequences . . . of using one type of estate planning instrument."[5] (Citation omit-

---

[5] The defendant argues that the Appellate Court in *Leavenworth* v. *Mathes*, supra, 38 Conn. App. 479–80, interpreted *Krawczyk* to foreclose the possibility that third-party beneficiaries of a will have standing to assert claims for errors beyond drafting or executing the will. Even if the Appellate Court in

351 Conn. 390 MARCH, 2025 405

Wisniewski *v.* Palermino

ted.) Id. Although we cited these cases, the question of whether third-party beneficiaries have standing in Connecticut under these circumstances was not before this court. As a result, we have not previously recognized this cause of action.

In this case, the plaintiffs alleged that Wisniewski informed the defendant about the existence of his TD Ameritrade account and instructed the defendant to draft a will that would distribute Wisniewski's interest in the account in five equal parts to his daughter, his three grandchildren, and his friend. They alleged that the defendant drafted, and Wisniewski executed, a will that expressly identified the account and provided that the five intended beneficiaries would receive Wisniewski's interest in the account in five equal shares. They also alleged that the defendant had advised Wisniewski that "nothing further was needed to ensure the distribution [of] the stock assets [according to the will's terms] other than executing the will." That advice was incorrect, the plaintiffs contend, because Wisniewski had designated Joanna Cooper as the sole beneficiary of his account. As a result, the plaintiffs alleged that the will could not have determined how the account assets were transferred, contrary to what the defendant had advised Wisniewski. See General Statutes § 45a-468i (a). In sum, the plaintiffs have alleged that the defendant had failed to advise Wisniewski about the implications of using a will under these circumstances. See, e.g., *Krawczyk* v. *Stingle*, supra, 208 Conn. 245. Accordingly, we are now called on to squarely address whether public policy supports recognizing this cause of action. See id., 245–46.

The public policy factors articulated in *Krawczyk* support imposing liability on attorneys for failing to

*Leavenworth* "addressed the precise question before this court, we are not bound by a decision of the Appellate Court." *State* v. *Samuels*, 273 Conn. 541, 553 n.8, 871 A.2d 1005 (2005).

comply with the standard of care with respect to advising their clients regarding the interrelationship between a will and a security account with a beneficiary designation. See id.; see also General Statutes § 45a-468i (a). As to the first factor, the primary purpose of Wisniewski's transaction with the defendant was to benefit the intended beneficiaries of the will by transferring Wisniewski's interest in the TD Ameritrade account to them in five equal shares upon his death. See *Krawczyk* v. *Stingle*, supra, 208 Conn. 245. As to the second and third factors, it was foreseeable that the plaintiffs would be injured by the defendant's failure to advise Wisniewski that the assets of a security account with a registered beneficiary would not be transferred according to the will's terms. See id., 245–46. Because Wisniewski had informed the defendant that he wanted his account assets to transfer to the beneficiaries named in his will, it was readily foreseeable that the defendant's failure to adequately advise Wisniewski was likely to injure the beneficiaries by depriving them of funds that they would have otherwise received had the defendant properly advised Wisniewski of the need to change the beneficiary designation. Indeed, this may be a case in which "the beneficiar[ies'] interests loom greater than those of the client." *Heyer* v. *Flaig*, 70 Cal. 2d 223, 228, 449 P.2d 161, 74 Cal. Rptr. 225 (1969), overruled in part on other grounds by *Laird* v. *Blacker*, 2 Cal. 4th 606, 828 P.2d 691, 7 Cal. Rptr. 2d 550, cert. denied, 506 U.S. 1021, 113 S. Ct. 658, 121 L. Ed. 2d 584 (1992). Additionally, as to the fourth factor, imposing liability would further "the policy of preventing future harm . . . ." *Krawczyk* v. *Stingle*, supra, 246. If an attorney who drafts a will could not be held liable for breaching the standard of care applicable to properly advising a client under these circumstances, and the client's wishes are delineated in the will, not only will the attorney not have served the client, but injured third-party beneficiaries might

351 Conn. 390 MARCH, 2025 407

Wisniewski *v.* Palermino

otherwise lack legal recourse to recover for their losses. Our decision today ensures that an intended beneficiary has a cause of action, under the circumstances of the present case, against an attorney for the alleged failure to provide proper advice to their client to effectuate a provision of a will drafted by the attorney that was intended to benefit the third-party beneficiary.

Imposing liability in these circumstances would not unduly burden the legal profession. See id. The plaintiffs' allegations require us to assume that, when a client instructs their attorney that they want to transfer the assets in a security account to beneficiaries named in a will according to terms specified in the will, the attorney's duty is to advise the client that the proceeds from the security account must be a testamentary asset to transfer through the will. As such, "[t]he legal profession will not be unduly burdened by being required to act competently toward identifiable persons that a client specifically intends to benefit . . . ." *Donahue* v. *Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 629 (Mo. 1995). Rather than serving as a burden, an attorney's duty to third-party beneficiaries to advise their client will incentivize attorneys to give proper legal advice to their clients. See, e.g., 1 Restatement (Third), The Law Governing Lawyers § 51, comment (f), p. 361 (2000) ("[w]hen a lawyer knows . . . that a client intends a lawyer's services to benefit a third person who is not a client, allowing the nonclient to recover from the lawyer for negligence in performing those services may promote the lawyer's loyal and effective pursuit of the client's objectives" (citation omitted)). In short, recognizing that the beneficiaries have standing to enforce this duty does nothing more than obligate an attorney to competently perform the work they were hired to do on behalf of the client.[6]

[6] We note that, although, "[i]n general, a lawyer is not expected to give advice until asked by the client"; Rules of Professional Conduct 2.1, commentary; there are situations, as here, in which an attorney must initiate the

Wisniewski *v.* Palermino

We emphasize that we consider whether the plaintiffs have standing only on the basis of the facts alleged in the amended complaint, which we take as true and construe in the plaintiffs' favor. See, e.g., *Samelko* v. *Kingstone Ins. Co.*, supra, 329 Conn. 255–56. Read favorably, we construe the plaintiffs' amended complaint to allege that Wisniewski designated Joanna Cooper as the TD Ameritrade account's sole beneficiary prior to retaining the defendant to draft his will. The plaintiffs must show that the standard of care required the defendant to inform Wisniewski about the proper way to effectuate his intent to distribute his interest in the account to the five beneficiaries named in the will by naming the estate as the beneficiary of the account and that the defendant failed to meet that standard of care. For a professional negligence claim in which an intended third-party beneficiary of a will alleges that an attorney failed to properly advise the client, the fact finder will consider, among other things, what the client communicated to their attorney regarding any existing beneficiary designation the client made on a security account prior to the time the attorney drafted the testamentary instrument.

The defendant argues that various public policy considerations militate against the imposition of liability under these circumstances. The defendant asserts that the focus of any inquiry into whether an attorney is negligent for errors beyond drafting or execution will center on extrinsic evidence. The defendant fears that reliance on extrinsic evidence will increase the prevalence of plaintiffs who manufacture evidence that an attorney provided negligent advice to their clients. The concurring and dissenting opinion contends that, for this same reason, imposing liability is unacceptable in

giving of advice to a client, especially concerning information of which the client may be unaware, to carry out the client's wishes regarding the objectives of the representation.

Wisniewski *v.* Palermino

part because an attorney will have difficultly proving what advice they provided their client, insofar as the client is deceased and unable to testify. Neither the defendant nor the concurring and dissenting opinion provides persuasive support for this generalized concern sufficient to shift the balance of the *Krawczyk* policy factors. See *Krawczyk* v. *Stingle*, supra, 208 Conn. 245–46. It is a best practice—indeed, we suspect, a common practice—for attorneys to memorialize their advice to their clients in writing. Assuming the advice provided was proper, this memorialization could serve as readily available evidence sufficient for an attorney to prove what advice they provided their client. Regardless, this court should not let the fear of an attorney improperly being held liable for malpractice shield attorneys from actual malpractice.

Moreover, we see no reason to believe that the evidentiary difficulties in the present context are greater than in those contexts in which this court has already held that third-party beneficiaries have standing. In *Stowe*, the plaintiff alleged that the attorney did not draft the will in accordance with the testator's instructions for how she wanted the will to distribute her assets. See *Stowe* v. *Smith*, supra, 184 Conn. 195–96. This court acknowledged that the alleged error was not apparent "on the face of the will" and that this could create evidentiary difficulties for the plaintiff. Id., 200. That is, the plaintiff would have to show—by evidence extrinsic to the will—that the testator's instructions to the attorney differed from the terms expressed in the will. See id. We concluded, nonetheless, that these difficulties did "not affect our . . . determination [in that case], which concern[ed] only whether the complaint [properly] state[d] a cause of action." Id. Instead, it only created an evidentiary obstacle that the plaintiff would need to overcome to prevail on his claim. See id. A third-party claim that an attorney negligently advised

Wisniewski *v.* Palermino

a client about the need to change a security account's beneficiary designation may present evidentiary "obstacles to recovery," but those obstacles do not serve as a basis to foreclose the ability of third parties to bring such an action altogether. Id.

The defendant also raises a related policy concern that, if this court allows attorneys to be held liable for a failure to advise, it will increase litigation against attorneys and lead to higher legal costs. The concurring and dissenting opinion adds that imposing liability would also cause attorneys to bear the financial burden of defending themselves. These concerns are exaggerated. We emphasize that our holding is limited to situations in which a client informs their attorney about the existence of a security account or other asset that can be transferred upon the owner's death by a beneficiary designation and instructs the attorney that they want to transfer the account's assets according to terms provided for in the estate planning instrument. In this situation, the attorney has a duty to advise the client that the security account assets will not be transferred through the estate planning instrument unless the account's assets are designated to transfer on death to the estate as contemplated by that testamentary instrument. See, e.g., General Statutes § 45a-468i (a) (providing that registration in beneficiary form makes security account nontestamentary asset). Our holding, then, only minimally expands an attorney's liability to third parties beyond the exception this court already recognized in *Stowe.* See *Stowe* v. *Smith*, supra, 184 Conn. 195–98 (recognizing cause of action for attorney's failure to prepare testator's estate plan in accordance with her instructions).

The defendant also contends that imposing liability on attorneys under these circumstances would interfere with an attorney's duty of undivided loyalty to their client. He claims that a duty to advise clients about the

351 Conn. 390        MARCH, 2025        411

Wisniewski *v.* Palermino

effect of a security account's beneficiary designation on a will would require the attorney to be overly concerned about third-party liability, which would, in turn, diminish the quality of legal services attorneys provide to their clients and undermine attorney-client confidentiality. We disagree.

This court has observed that attorneys act with an "impaired duty of loyalty" when "interests or factors personal to" them are inconsistent with their clients' interests. (Internal quotation marks omitted.) *State* v. *Crespo*, 246 Conn. 665, 689–90, 718 A.2d 925 (1998), cert. denied, 525 U.S. 1125, 119 S. Ct. 911, 142 L. Ed. 2d 909 (1999). Under the duty to advise, as articulated here, even if an attorney is personally concerned about liability to a third party for a failure to advise a client about the effect of a security account's beneficiary designation on a will, that concern is consistent with their client's interest in receiving proper advice from the attorney to effectuate the estate plan. In fact, imposing liability under these circumstances would likely incentivize attorneys to provide advice that is consistent with, and beneficial to, the client's interests. See, e.g., 1 Restatement (Third), supra, § 51, comment (f), p. 361. Therefore, we conclude that imposing a duty to advise under these circumstances would not interfere with an attorney's duty of undivided loyalty to their client.[7]

---

[7] The defendant also argues that public policy counsels against imposing a duty to advise on attorneys under these circumstances because it would necessarily put attorneys in a position in which they would be forced to reveal sensitive client confidences to defend themselves. The defendant's concern is that diminishing client confidentiality would prevent attorneys under similar circumstances from providing "sound advice." Although we agree that "the public interest is usually best served by a strict rule requiring lawyers to preserve the confidentiality of information relating to the representation of their clients"; Rules of Professional Conduct 1.6, commentary; the Rules of Professional Conduct enumerate exceptions to the general rule of attorney-client confidentiality. See, e.g., Rules of Professional Conduct 1.6 (b) through (d); see also, e.g., Rules of Professional Conduct 1.6, commentary. As relevant to this case, rule 1.6 (d) of the Rules of Professional Conduct permits attorneys "to respond to allegations in any proceeding concerning

Wisniewski *v.* Palermino

Finally, the defendant argues that many other jurisdictions have decided against extending an attorney's liability to third-party beneficiaries beyond errors in drafting or executing a will. The defendant, however, concedes that "the modern trend [among jurisdictions] is to permit nonclient beneficiaries to bring malpractice claims against estate attorneys . . . ." He argues, nonetheless, that courts have largely expanded liability only to instances of a drafting or execution error. Although the defendant is correct that at least one jurisdiction has declined to extend an attorney's liability to third-party beneficiaries beyond drafting or execution errors; see, e.g., *Tensfeldt* v. *Haberman*, 319 Wis. 2d 329, 367, 768 N.W.2d 641 (2009); we agree with the reasoning of those jurisdictions that have concluded that third-party beneficiaries of a will have standing to bring a claim against an attorney for a failure to advise their client under analogous situations. See, e.g., *Heyer* v. *Flaig*, supra, 70 Cal. 2d 229 (attorney had duty to advise testa-

the lawyer's representation of the client." Moreover, protecting privileged communications under these circumstances could have the effect of shielding attorneys from malpractice and perpetuate the provision of unsound advice that is "contrary to [a] decedent's interest[s]." *Gould, Larson, Bennet, Wells & McDonnell, P.C.* v. *Panico*, 273 Conn. 315, 327, 869 A.2d 653 (2005); see also, e.g., id., 326–27 (noting that exception to attorney-client privilege for will contests is consistent with policy purposes behind that privilege).

The defendant recognizes that the Rules of Professional Conduct already anticipate that attorneys would be permitted to disclose confidential attorney-client information when a third-party beneficiary alleges that an attorney was professionally negligent to their client. See Rules of Professional Conduct 1.6 (d). Nonetheless, the defendant, citing *Jarmie* v. *Troncale*, 306 Conn. 578, 608–609, 50 A.3d 802 (2012), argues that such a duty would diminish confidentiality, which would, in turn, hinder attorneys from providing proper advice to their clients. But, as we already stated, imposing a duty under these circumstances will incentivize attorneys to provide proper advice. Moreover, these concerns were also implicated, but rejected, in *Stowe*. See *Stowe* v. *Smith*, supra, 184 Conn. 197–200. Accordingly, the defendant has not provided a persuasive reason for why general public policy concerns would prevent the application of rule 1.6 (d) of the Rules of Professional Conduct under these circumstances.

351 Conn. 390 MARCH, 2025 413

Wisniewski *v.* Palermino

tor of consequences of posttestamentary marriage when testator informed attorney of her upcoming marriage); *McLane* v. *Russell*, 131 Ill. 2d 509, 513, 519–20, 546 N.E.2d 499 (1989) (concluding that third-party beneficiaries could bring professional negligence claim against drafting attorney for negligently failing to advise testator of need to sever joint tenancy to ensure that testator's interest in farm transferred to named beneficiaries of will); *Donahue* v. *Shughart, Thomson & Kilroy, P.C.*, supra, 900 S.W.2d 625–26, 629 (concluding that intended third-party beneficiaries had cause of action against attorney for negligent advice to client about requirements to transfer assets into trust).

When the allegations in the plaintiffs' amended complaint are taken together, the plaintiffs have sufficiently pleaded that the defendant did not properly advise Wisniewski about the consequences of using a will to transfer the TD Ameritrade account assets when Wisniewski had already designated a beneficiary for his security account. See, e.g., *Krawczyk* v. *Stingle*, supra, 208 Conn. 245. And, because public policy strongly supports the imposition of potential liability under these circumstances, we conclude that the plaintiffs have standing on the basis of their allegation that the defendant had failed to advise Wisniewski that he needed to appropriately change his beneficiary designation on his TD Ameritrade account. Accordingly, we conclude that the trial court improperly dismissed the plaintiffs' professional negligence claim for lack of standing.

We turn next to the plaintiffs' contention that the defendant had a duty to ensure that the TD Ameritrade account's beneficiary designation was actually changed. We again consider whether we have previously recognized such a duty and, if not, whether public policy supports the imposition of the duty. See id., 245–46. We have not previously recognized that an attorney has a duty to ensure that a security account's beneficiary

Wisniewski *v.* Palermino

designation is in fact changed. See id., 245 (acknowledging that this court and other courts have recognized attorneys' liability for errors related to drafting, preparing, or executing will and for "fail[ing] to advise a client of the consequences of not revising a will . . . or of using one type of estate planning instrument" (citation omitted)). Nor have we ever said that an attorney, after providing proper advice to a client, has a duty to ensure that the client acts on that advice. See, e.g., Rules of Professional Conduct 1.2 (a) (providing that client determines objectives of representation); Rules of Professional Conduct 1.4, commentary (noting that attorney should provide information sufficient for client to make independent decisions regarding objectives and means of representation); 1 Restatement (Third), supra, § 16, p. 146 (listing attorney's general duties to client).

Nor does public policy support the imposition of liability. Requiring an attorney to go beyond providing advice to their client regarding the need to change a beneficiary designation and to take steps to ensure that the client actually changes the beneficiary designation creates serious risks for conflicts of interest between the attorney and client. Under the plaintiffs' proposed duty, if a client instructs an attorney to draft a will one way, and, after executing the will, the client decides not to change their security account's beneficiary designation to make it consistent with the will because they want to modify who will inherit their estate, the attorney would be "incentiv[ized] . . . to exert pressure on [the] client" to revert to the client's original position to avoid liability to third-party beneficiaries, irrespective of the client's changing wishes. *Krawczyk* v. *Stingle*, supra, 208 Conn. 246. Imposing liability under these circumstances would expose attorneys to liability to third parties simply because a client changes their mind after they have executed their will. The fear of liability would, in turn, undermine the attorney's duty to "ensure

Wisniewski *v.* Palermino

that the proposed estate plan effectuates the client's wishes . . . ." Id. "Prophylactic principles of public policy counsel against rules of liability that promote such conflicts of interest." Id., 247.

An attorney cannot be held liable if, after being provided with the appropriate legal advice, the client chooses not to follow through by taking actions in accordance with the attorney's advice or, having initially changed the designated beneficiary to conform with the objectives of the will, the client thereafter changes their mind and makes some other beneficiary designation for the security account that is inconsistent with the terms of the will. Because a substantial risk for conflicts of interest would exist if an attorney had a duty to ensure that a client's security account beneficiary designations were changed, we conclude that intended third-party beneficiaries of a will do not have standing to bring a professional negligence claim on this ground.

II

We next consider the plaintiffs' claim that the trial court erred in dismissing their breach of contract claim in the substitute complaint. The plaintiffs assert that the trial court incorrectly determined that their modified breach of contract claim was substantially the same as the previously dismissed professional negligence claim. They argue that the modified breach of contract claim is a legitimate breach of contract claim because it mirrors the pleading requirements articulated in *Stowe*. They emphasize that this court in *Stowe* reasoned that "[a] promise to prepare a will pursuant to the instructions of a testatrix states a direct obligation to render a performance beneficial to her, i.e., the creation of a document [that] would enable her upon her death to effect the transfer of her assets to the beneficiaries named in her instructions." *Stowe* v. *Smith*, supra, 184

Wisniewski *v.* Palermino

Conn. 197–98. The plaintiffs contend that, because they alleged that the defendant failed to create a will that would distribute Wisniewski's interest in the TD Ameritrade account according to his wishes, they properly alleged a breach of contract claim. The defendant disagrees that the plaintiffs alleged that he erred in drafting or executing Wisniewski's will.

Because this issue implicates standing, our review is plenary. See, e.g., *McWeeny* v. *Hartford*, supra, 287 Conn. 63–64. Ordinarily, this court "must take the plaintiff's allegations at face value . . . ." *Gazo* v. *Stamford*, 255 Conn. 245, 262, 765 A.2d 505 (2001). But "that rule is not absolute." Id. Rather, "[w]e have, on occasion, looked beyond the specific language of a pleading to discern its" essence. Id. It is well established that a pleading party cannot change the essence of a claim by mere talismanic use of particular words or phrases. See, e.g., *Meyers* v. *Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291–92, 87 A.3d 534 (2014); *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 101–102, 491 A.2d 368 (1985); cf. *Carpenter* v. *Daar*, 346 Conn. 80, 130–31, 287 A.3d 1027 (2023).

As we previously explained in this opinion when rejecting the plaintiffs' contention that their professional negligence claim alleged a drafting error, the plaintiffs' modified breach of contract claim, contained in the substitute complaint, alleged that the defendant failed to advise Wisniewski to appropriately change his TD Ameritrade account's beneficiary designation and to ensure that the beneficiary designation was changed. See part I of this opinion. It is true that the plaintiffs' substitute complaint characterized their claim as a breach of contract claim and used breach of contract language. Nevertheless, after a careful comparison of the professional negligence claim in the amended complaint and the breach of contract claim in the substitute complaint, we conclude that it is readily apparent that

Wisniewski *v.* Palermino

the plaintiffs attempted to salvage their dismissed professional negligence claim by incorporating the facts alleged in support of that claim into their revised breach of contract claim, which had survived the defendant's earlier motion to dismiss. The plaintiffs removed the allegation that the defendant failed to prepare the will in accordance with Wisniewski's wishes and replaced it with the allegation that the defendant failed to advise Wisniewski about the need to change the TD Ameritrade account's beneficiary designation and to ensure that the account was distributed through the will. Looking beyond the label the plaintiffs affixed to the cause of action, we conclude that the real underlying purpose of the plaintiffs' revised breach of contract claim was to restate their previously dismissed professional negligence claim alleging that the defendant failed to advise Wisniewski to change his account's beneficiary designation and to ensure that the beneficiary designation was changed. As such, we conclude that the trial court properly dismissed the plaintiffs' breach of contract count in their substitute complaint.

We note that, although we affirm the trial court's dismissal of the plaintiffs' breach of contract claim, the plaintiffs will likely make functionally identical arguments as they relate to the professional negligence claim in the plaintiffs' amended complaint, which we have concluded was improperly dismissed. To be clear, we do not affirm the dismissal of the plaintiffs' breach of contract claim on the ground that a party may not allege a failure to advise claim in a breach of contract action. We have previously held that a party may do so when it alleges an error in drafting. See *Stowe* v. *Smith*, supra, 184 Conn. 197–99 (allowing plaintiff to allege drafting errors under tort or contract theory of liability). Rather, we affirm the trial court's dismissal of the plaintiffs' breach of contract claim because the allegations do not sound in breach of contract. The plaintiffs did

Wisniewski *v.* Palermino

not allege that the defendant violated specific instructions or failed to comply with specific provisions of a contract. The allegations instead sound in professional negligence, and they are essentially the same as the allegations in the plaintiffs' previously dismissed professional negligence claim. See, e.g., *Meyers* v. *Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, supra, 311 Conn. 290–91. Although future plaintiffs may bring a failure to advise claim against an attorney sounding in both contract and tort, the claims are not identical. See, e.g., id., 290. Ultimately, whether a plaintiff's cause of action is one for professional negligence or contract will "depend [on] the definition of [those terms] and the allegations of the complaint." (Internal quotation marks omitted.) Id., 291.

Accordingly, on remand, the case may proceed only with respect to the plaintiffs' professional negligence claim premised on the defendant's failure to advise Wisniewski about the effect of the beneficiary designation on the will.

The judgment is reversed with respect to the claim of professional negligence and the case is remanded for further proceedings in accordance with the preceding paragraph; the judgment is affirmed in all other respects.

In this opinion ECKER, DANNEHY and WESTBROOK, Js., concurred.

MULLINS, C. J., with whom ALEXANDER and D'AURIA, Js., join, concurring in part and dissenting in part. This court has been clear that "[a] central dimension of the attorney-client relationship is the attorney's duty of [e]ntire devotion to the interest of the client." (Internal quotation marks omitted.) *Krawczyk* v. *Stingle*, 208 Conn. 239, 246, 543 A.2d 733 (1988). As a result, we have followed the general rule that "attorneys are not liable to persons other than their clients for the

351 Conn. 390 MARCH, 2025 419

Wisniewski *v.* Palermino

negligent rendering of services.'' Id., 244. Connecticut appellate courts, however, have recognized two narrow exceptions pursuant to which third-party beneficiaries may bring a claim of professional negligence for an attorney's errors in (1) drafting a will, or (2) executing a will. See, e.g., id., 245; *Stowe* v. *Smith*, 184 Conn. 194, 198–99, 441 A.2d 81 (1981); *Leavenworth* v. *Mathes*, 38 Conn. App. 476, 479–80, 661 A.2d 632 (1995). Those courts have always been cautious in expanding those exceptions. See, e.g., *Krawczyk* v. *Stingle*, supra, 246 (declining to permit imposition of liability on attorney when third-party beneficiaries claimed that attorney negligently failed to arrange for timely execution of estate planning documents); *Leavenworth* v. *Mathes*, supra, 479–81 (concluding that third-party beneficiaries could not bring professional negligence claim that was based on ''the proposition that an attorney owes a duty to the beneficiaries [of a will] to ensure the existence of testamentary assets when drafting the instrument'').

I agree with the majority that the professional negligence claim of the plaintiffs Emma Wisniewski and Madelyn Wisniewski, two grandchildren of the decedent, Edward Wisniewski, and the plaintiff Barbara Saccardo, the decedent's friend;[1] see footnote 1 of the majority opinion; does not fit within either of the previously recognized narrow exceptions to privity set forth in *Stowe* v. *Smith*, supra, 184 Conn. 198–99, and reaffirmed in *Krawczyk* v. *Stingle*, supra, 208 Conn. 245. See part I of the majority opinion. Specifically, I agree that the plaintiffs did not allege an error in the drafting or execution of the will. Because neither of these exceptions is satisfied here, I would not go any further.

Unlike the majority, I do not find the circumstances of this case sufficiently compelling to warrant an expan-

---

[1] Hereinafter, all references to the plaintiffs are to Emma Wisniewski, Madelyn Wisniewski, and Saccardo.

Wisniewski *v.* Palermino

sion of the narrow exceptions to the privity require-
ment. Indeed, "imposing [third-party] liability of the
kind sought in the present case remains the exception
rather than the rule"; *Mendillo* v. *Board of Education*,
246 Conn. 456, 481–82, 717 A.2d 1177 (1998), overruled
in part on other grounds by *Campos* v. *Coleman*, 319
Conn. 36, 123 A.3d 854 (2015); and this court has been
reluctant "to recognize causes of action in tort based
on [third-party] liability . . . in the absence of satisfac-
tion of a special policy inquiry . . . ." *Mendillo* v.
*Board of Education*, supra, 482. Accordingly, this court
"must start from the presumption that no such liability
will be imposed [in the absence of] satisfaction of a
special policy inquiry." (Internal quotation marks omit-
ted.) *Mueller* v. *Tepler*, 312 Conn. 631, 656, 95 A.3d
1011 (2014).

With this in mind, and in light of the fact that this
court has already recognized some narrow exceptions
in the estate planning context, I do not see a compelling
reason to recognize yet another exception under the
facts of the present case. As a result, I disagree with
the majority's conclusion that an intended beneficiary
of a will has standing to bring a professional negligence
claim that is based solely on an attorney's alleged failure
to advise a client that the proceeds from a security
account cannot transfer through the will unless those
proceeds are made a testamentary asset. See part I of
the majority opinion. Therefore, I respectfully dissent
from part I of the majority opinion, and, because I
conclude that the plaintiffs do not have standing, I con-
cur in the result of part II of the majority opinion.

The majority rightly points out that this court must
"consider whether the plaintiffs have standing only on
the basis of the facts alleged in the . . . complaint,
which [this court] take[s] as true and construe[s] in the
plaintiffs' favor. See, e.g., *Samelko* v. *Kingstone Ins.
Co.*, [329 Conn. 249, 255–56, 184 A.3d 741 (2018)]." Part

Wisniewski *v.* Palermino

I of the majority opinion. The two main allegations at issue are that the named defendant, Anthony J. Palermino, an attorney,[2] had improperly advised the decedent that "nothing further was needed to ensure the distribution [of] the stock assets [according to the decedent's wishes] other than executing the will" and that the defendant had "breached [the] relevant duty of care by failing to execute [the decedent's] estate plan in accordance with his wishes, including by failing to ensure that the [decedent's] TD Ameritrade [security] account listed the estate as the beneficiary."

It is undisputed that the defendant had a duty to the decedent in the present case. The question before this court is whether public policy considerations compel extending that duty to the third-party beneficiaries.

In *Krawczyk*, this court explained that, "[a]s a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services." *Krawczyk* v. *Stingle*, supra, 208 Conn. 244. This court acknowledged that some limited exceptions have been recognized. See id., 244–45. The court further explained that "[d]etermining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy . . . [and that] courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party. . . . Additional factors considered have included the foreseeability of harm, the proximity of the injury to the conduct complained of, the policy of preventing future harm and the burden on the legal profession that would result from the imposition of liability." (Citations omitted.) Id., 245–46. I disagree with the majority that "[t]he public policy factors articulated in *Krawczyk* support imposing liability on attorneys for failing to comply

[2] Hereinafter, all references to the defendant are to the named defendant, Palermino.

Wisniewski *v.* Palermino

with the standard of care with respect to advising their clients regarding the interrelationship between a will and a security account with a beneficiary designation.'' Part I of the majority opinion.

The majority concludes that the public policy factors support expanding the exceptions because (1) ''the primary purpose'' of the transaction between the decedent and the defendant was to benefit the plaintiffs and the other intended beneficiaries of the will by transferring the decedent's interest in the TD Ameritrade account to them in equal shares via the will, (2) it was foreseeable that the defendant's failure to advise the decedent regarding the TD Ameritrade account's beneficiary designation would harm the plaintiffs by depriving them of money that they otherwise would have received, and (3) the imposition of liability under the present circumstances would further the policy of preventing future harm by creating an accountability mechanism for a negligent attorney and a means by which injured third parties may recover for their losses, neither of which presently exists. Id. I disagree that the public policy factors weigh in favor of expanding the exceptions to include the imposition of liability on an attorney who fails to advise his or her client under the facts as alleged in the present complaint.

I first note my disagreement with the majority that the plaintiffs have established that ''the primary purpose'' of the transaction between the decedent and the defendant was to benefit the plaintiffs and the other intended beneficiaries of the will by transferring the decedent's interest in the TD Ameritrade account to them in equal shares. Id. Although this court must take as true the plaintiffs' allegation that the decedent intended to distribute his interest in the TD Ameritrade account in that manner, there is no allegation in the complaint or evidence anywhere in the record regarding whether the TD Ameritrade account was the largest or only asset

351 Conn. 390 MARCH, 2025 423

Wisniewski *v.* Palermino

to be distributed through the decedent's will, or whether it was one of many assets to be distributed.[3] Accordingly, I cannot agree with the majority that "the primary purpose" of retaining the defendant was to benefit the plaintiffs and the other intended beneficiaries of the will. Id.

My primary concern, however, is the impact of the majority's decision on the attorney-client relationship and the burden on the legal profession that will result. It is well established that "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. . . . Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends . . . ." (Citation omitted.) *Upjohn Co.* v. *United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). A cause of action that imposes liability on attorneys to third parties for failure to advise their client would necessarily intrude on the sanctity of the relationship and privileged communications between attorneys and their clients. This court has long recognized "the unique and personal nature of the relationship between attorney and client and the need to preserve the sanctity of that relationship . . . ." *Gurski* v. *Rosenblum & Filan, LLC*, 276 Conn. 257, 268–69, 885 A.2d 163 (2005); see, e.g., id., 259–60, 280 (concluding that assignment of legal malpractice action to adversary in underlying action was against public policy and therefore unenforceable).

Unlike the exceptions to the privity requirement that appellate courts have previously recognized—errors in

[3] Although the plaintiffs allege that the TD Ameritrade account was the only stock asset owned by the decedent at the time of his death, the complaint does not contain allegations establishing the significance of the TD Ameritrade account relative to the decedent's other assets, if any.

Wisniewski *v.* Palermino

drafting and errors in executing—a failure to advise will never be apparent on the face of the will, and imposing liability for a failure to advise will always require the courts and the attorneys who are defending themselves in malpractice actions to invade the attorney-client relationship and to reveal confidential and privileged communications. See, e.g., *Leavenworth* v. *Mathes*, supra, 38 Conn. App. 479–81 (declining to extend attorney's liability to third party when there was no error "on the face of the instrument"). I would conclude that requiring an invasion into the attorney-client relationship causes future harm, rather than avoiding it.

The majority posits that, "[r]ather than serving as a burden, an attorney's duty to third-party beneficiaries to advise their client will incentivize attorneys to give proper legal advice to their clients" and that "recognizing that the beneficiaries have standing to enforce this duty does nothing more than obligate an attorney to competently perform the work they were hired to do on behalf of the client." Part I of the majority opinion. It is not as obvious to me that imposing liability to third parties for failure to advise in a case like the present one is that simple. I certainly do not dispute the benefit and importance of having attorneys give proper legal advice to their clients. However, I see the complications of imposing liability on attorneys in these cases as causing more harm than good. In most circumstances, a disappointed third-party beneficiary will have no idea whether the advice was given or not. Yet, the beneficiary could conceivably bring a professional negligence action, even if he or she is unaware whether the client was properly advised. The attorney's defense will be complicated by the fact that his or her client is dead and cannot testify about whether proper advice was given. Even if the attorney were to ultimately prevail, that attorney would still be subject to the burdens and

Wisniewski *v.* Palermino

costs of the ensuing litigation. An attorney could therefore be incentivized to engage in prophylactic measures such as greater involvement by an intended beneficiary in a client's estate planning process to ensure that the intended beneficiary is privy to the attorney's advice to the client, thereby avoiding exposure to liability.

The majority discounts this concern by noting that "[a]n attorney cannot be held liable if, after being provided with the appropriate legal advice, the client chooses not to follow through by taking actions in accordance with the attorney's advice or, having initially changed the designated beneficiary to conform with the objectives of the will, the client thereafter changes their mind and makes some other beneficiary designation for the security account that is inconsistent with the terms of the will." Id. This misses the point, however. Even in cases in which an attorney is ultimately not liable because the third-party beneficiaries were not able to prove that the attorney had failed to provide appropriate advice to the client, allowing third parties to bring these actions will require the attorney to bear the costs of litigation and to divulge all the confidential and privileged communications between the attorney and client. I would conclude that these costs are too high when attorneys are already incentivized to provide correct and appropriate legal advice through the Rules of Professional Conduct. See, e.g., Rules of Professional Conduct 1.4 (b) and 2.1; see also, e.g., Rules of Professional Conduct 1.4 and 2.1, commentary.

Recognizing this exception may also do damage to "[a] central dimension of the attorney-client relationship," namely, "the attorney's duty of [e]ntire devotion to the interest of the client." (Internal quotation marks omitted.) *Krawczyk* v. *Stingle*, supra, 208 Conn. 246. If this court holds attorneys liable to third parties for the advice they do or do not provide to their clients,

Wisniewski *v.* Palermino

attorneys may become distracted by concerns about this liability and lose the proper focus on the client's interests.

For example, an attorney may decide that it is necessary to inform third-party beneficiaries of the contents of the will during the decedent's lifetime to avoid potential claims. In cases in which there are difficult family dynamics or in which a testator is making an estate planning decision that will be unpopular with those family members who expect to be beneficiaries but are ultimately not included in the will, the attorney's efforts to protect his or her own interests may not be in the client's best interests. I conclude that this would be to the detriment of the "unique degree of trust and confidence" that characterizes the attorney-client relationship. (Internal quotation marks omitted.) *Updike, Kelly & Spellacy, P.C.* v. *Beckett*, 269 Conn. 613, 648 n.28, 850 A.2d 145 (2004). This court has noted that "potential conflicts of interest are especially significant in the context of the final disposition of a client's estate . . . ." *Krawczyk* v. *Stingle*, supra, 208 Conn. 247. In fact, as the defendant notes in his brief, imposing such liability may result in individuals having difficulty obtaining representation in situations in which there may be third-party liability, such as when a potential client wants to disinherit a family member—not an uncommon scenario.

Unlike in cases involving the existing exceptions, which can often be proven on the face of the document itself, every claim under the majority's newly recognized exception would require a trial court to delve deeply into the attorney-client relationship to resolve it. Moreover, creating such liability will lead to situations in which the interests of the attorney in protecting himself or herself from liability will be in direct conflict with drafting a will that comports with the client's wishes. I would accordingly conclude that the burden

Wisniewski *v.* Palermino

on the legal profession that would result from the imposition of liability militates against recognizing an exception to the privity requirement for professional negligence claims based on the circumstances of the present case.

The majority asserts that "[t]hese concerns are exaggerated" and that "[n]either the defendant nor the concurring and dissenting opinion provides persuasive support for this generalized concern sufficient to shift the balance of the *Krawczyk* policy factors." Part I of the majority opinion. These contentions are misguided. The majority fails to follow the general rule that attorneys are not liable to third parties for the negligent rendering of services. Instead of starting from the presumption that no such liability will be imposed in the absence of compelling public policy reasons, the majority requires proof as to why this court should not recognize this new exception. This is contrary to our law. See, e.g., *Mueller* v. *Tepler*, supra, 312 Conn. 656. Rather than providing compelling reasons to justify this expansion, the majority reasons that its holding "only minimally expands an attorney's liability to third parties beyond the exception this court already recognized in *Stowe.*" Part I of the majority opinion. Regardless of whether the expansion is minimal, it must first be justified by compelling public policy reasons. None is present here.

I further note that the position adopted by the majority was rejected by the Appellate Court in *Leavenworth* v. *Mathes*, supra, 38 Conn. App. 480–81. Although not binding on this court, I would conclude that the Appellate Court's reasoning is instructive. In *Leavenworth*, the Appellate Court upheld the trial court's granting of the defendant's motion for summary judgment on a claim of legal malpractice brought by third-party beneficiaries of a will that was based on "the proposition that an attorney owes a duty to the beneficiaries [of a will] to ensure the existence of testamentary assets when

Wisniewski *v.* Palermino

drafting the instrument." Id., 480; see also id., 477, 481. The Appellate Court in *Leavenworth* characterized *Krawczyk* and certain cases from other jurisdictions as involving "claims of malpractice . . . [that] focus on errors in the drafting and execution of the wills." Id., 480. The Appellate Court then concluded that the exception recognized in those cases did not apply to the plaintiffs' claim of professional negligence. See id. The court expressly rejected the plaintiffs' argument that "the defendant had a duty to 'advise' the testatrix about the implications of the conflicting provisions of her will pertaining to the bequests and the device." Id., 481. Finally, the court concluded that there was "no conflict . . . on the face of the instrument" and that "[a]n attorney's obligation to the client is to draft a will in accordance with that client's wishes, having in mind the best interests of that client." Id.

I agree with the Appellate Court's inclination not to recognize an exception to the privity requirement for professional negligence claims in the trusts and estates context outside of the preparation and execution of wills. I do not believe the present case warrants deviation from this position. For the foregoing reasons, I respectfully dissent from part I of the majority opinion.

––––––––––––––––––